539 F.2d 960
 4 O.S.H. Cas.(BNA) 1481, 1976-1977 O.S.H.D. ( 20,930
 KEYSTONE ROOFING COMPANY, INC., Petitioner,
v.
OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION, Respondent,
and
John T. Dunlop, Secretary of Labor, Respondent.
HAROLD E. SWEENEY CORPORATION, Petitioner,
v.
OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION, Respondent,
and
John T. Dunlop, Secretary of Labor, Respondent,
Keystone Roofing Company, Inc., and Harold E. Sweeney
Corporation, Petitioners.
 No. 75-2010.
 United States Court of Appeals,
Third Circuit.
 Argued June 8, 1976.
Decided July 23, 1976.
 
 Steven R. Waxman, Bolger & Picker, Philadelphia, Pa., for petitioners.
 William J. Kilberg, Sol. of Labor, Benjamin W. Mintz, Associate Sol., Occupational Safety and Health, Michael H. Levin, Counsel for App. Litigation, Allen H. Feldman, Asst. Counsel, Nancy L. Southard, Atty., Secretary of Labor, U. S. Dept. of Labor, Washington, D. C., for respondent.
 Before SEITZ, Chief Judge, and ALDISERT and GARTH, Circuit Judges.
 OPINION OF THE COURT
 ALDISERT, Circuit Judge.
 
 
 1
 The question for decision is whether 29 U.S.C. § 660(a) of the Occupational Safety and Health Act of 1970 (OSHA) permits a reviewing court to consider an employer's[1] objection to an OSHA citation which was argued to the OSHA hearing examiner, but which was neither the subject of a petition to the Occupational Safety and Health Review Commission (OSHRC) for discretionary review, 29 C.F.R. § 2200.91,[2] nor the subject of review by the full Commission at the direction of a single member, 29 U.S.C. § 661(i).[3] We answer the question in the negative and, therefore, grant the motion of the Secretary of Labor to dismiss the petition for review.
 
 I.
 
 2
 Petitioner was cited for failing to provide a perimeter guarding around a flat roof in violation of 29 C.F.R. § 1926.500(d)(1),[4] which requires a railing or its equivalent around "(e)very open-sided floor or platform 6 feet or more above adjacent floor or ground level". Before the hearing examiner, petitioner contended that the regulation applied to floors, but not to flat roofs. The examiner rejected this contention. Petitioner did not request discretionary review. The report of the examiner thereby became the final order of the Commission within 30 days, by operation of 29 U.S.C. §§ 659, 661(i). The employer then filed a petition for review in this court. The Secretary of Labor responded by filing a motion to dismiss. The Secretary contends that the employer's failure to urge its contention that a roof is not a floor before the full Commission precludes us from reviewing the administrative action. Specifically, the Secretary relies on 29 U.S.C. § 660(a), which states, inter alia : "No objection that has not been urged before the Commission shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." (Emphasis added.)
 
 
 3
 To decide the issue presented, we must understand the nature, purposes and functions of the administrative machinery Congress created in enacting the Occupational Safety and Health Act. We turn now to that analysis.
 
 II.
 
 4
 Congress found that "personal injuries and illnesses arising out of work situations impose(d) a substantial burden upon, and (were) a hindrance to, interstate commerce . . . ." 29 U.S.C. § 651(a). In seeking "to assure so far as possible every working man and woman in the Nation safe and healthful working conditions and to preserve our human resources", Congress "authoriz(ed) the Secretary of Labor to set mandatory occupational safety and health standards applicable to businesses affecting interstate commerce, and (created) an Occupational Safety and Health Review Commission for carrying out adjudicatory functions under (the Act)." Ibid. § 651(b). Congress further declared that "(t)he Commission shall be composed of three members who shall be appointed by the President, by and with the advice and consent of the Senate, from among persons who by reason of training, education, or experience are qualified to carry out the functions of the Commission under this chapter. The President shall designate one of the members of the Commission to serve as Chairman." Ibid. § 661(a). The Chairman was empowered to "appoint such hearing examiners and other employees as he deems necessary to assist in the performance of the Commission's functions." Ibid. § 661(d). Finally, the Commission was authorized "to make such rules as are necessary for the orderly transaction of its proceedings." Ibid. § 661(f).
 
 
 5
 Pursuant to this congressional authority, the Commission promulgated rules of procedure in 1972. See 29 C.F.R. Part 2200. If the Chairman appoints a hearing examiner to preside over a proceeding, the regulations require the examiner to prepare a decision and, thereafter, to file with the Executive Secretary of the Commission a report "consisting of (the) decision, the record in support thereof, and any petitions for discretionary review of (the) decision, or statements in opposition to such petitions . . . ." Ibid. § 2200.90(a). If no member of the Commission directs review of the decision within 30 days of the docketing of the report, the decision becomes "a final order of the Commission." Ibid. § 2200.90(b)(3). The regulations further provide that the Commission's failure to act on a petition for discretionary review shall be deemed a denial thereof. Ibid. § 2200.91(d).
 
 
 6
 This review of the statutory schema and the regulations promulgated thereunder leads us to several observations.
 
 
 7
 First, the role and duties of the Commission are wholly separate and distinct from those of hearing examiners. The latter are designated by the Chairman to assist the Commission. The Commission, on the other hand, is the entity charged with "carrying out adjudicatory functions" under the Act. Members of the Commission are appointed only by the President with the advice and consent of the Senate. They are selected for their training, education and experience.
 
 
 8
 Second, the decision of a hearing examiner only becomes final if the Commission decides not to review it. When granted, review may be either by a member's directing review or accepting a petition for discretionary review. The purpose behind these regulations seems clear: they enable the Commission the body charged with carrying out adjudicatory functions to make the ultimate administrative determination of whether a particular decision comports with the objectives of OSHA.
 
 III.
 
 9
 The Secretary argues that because petitioner did not urge its particular objection upon the full Commission we may not entertain this petition for review. Based on the foregoing understanding of the statutory and regulatory framework, we find the Secretary's interpretation to be a reasonable one, one comporting with the underlying objectives of the Act and the adjudicatory machinery provided therein. Moreover, the language of 29 U.S.C. § 660(a) strikes us as deliberate in its purpose. Had Congress intended that objection before a hearing examiner, alone, would suffice as a condition precedent to judicial review, it could have conveyed that intent easily. For instance, the National Labor Relations Act provides that "(n)o objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." 29 U.S.C. § 160(e) (emphasis added).
 
 
 10
 Our conclusion that the Secretary's interpretation is correct also vindicates time-tested principles of administrative law. "(T)he doctrine of administrative exhaustion should be applied with a regard for the particular administrative scheme at issue. . . . Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." Weinberger v. Salfi, 422 U.S. 749, 765, 95 S.Ct. 2457, 2467, 45 L.Ed.2d 522 (1975). "(O)rderly procedure and good administration require that objections to the proceedings of an administrative agency be made while it has opportunity for correction in order to raise issues reviewable by the courts. . . . Repetition of the objection . . . might lead to a change of policy . . . . Simple fairness to those who are engaged in the tasks of administration, and to litigants, requires as a general rule that courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made at the time appropriate under its practice." United States v. L. A. Tucker Truck Lines, Inc., 344 U.S. 33, 37, 73 S.Ct. 67, 69, 97 L.Ed. 54 (1952) (footnote omitted).
 
 IV.
 
 11
 Petitioner argues that its failure to petition the Commission for discretionary review should be excused under the "extraordinary circumstances" exception to 29 U.S.C. § 660(a), because the Commission had decided already that 29 C.F.R. § 1926.500(d)(1) was applicable to a flat roof. We must reject this contention. The Supreme Court precedents, supra, manifest that probable futility cannot be equated with extraordinary circumstances. The administrative agency must be given the opportunity to correct its own mistakes.
 
 V.
 
 12
 29 U.S.C. § 660(a) does not require that the Commission decide every issue tendered to it in petitions for discretionary review. All that is necessary as a condition precedent to judicial review is that the objection be "urged before the Commission". The language and method are deliberate. The Commission must have the opportunity to correct decisions of the hearing examiners. At the same time, the statute does not have the capacity to force a backlog of cases on the Commission. In short, this statutory framework furthers two laudable goals of administrative law: it encourages the Commission to achieve uniformly applied occupational safety and health standards in furtherance of the Act's overall objectives, while guaranteeing as far as practicable that the administrative process will be efficient rather than protracted.[5]
 
 
 13
 Where a single member of the Commission does not direct review, we conclude that unless a petition for discretionary review is presented to the Commission in the form prescribed,[6] it cannot be said that the objection or exception was "urged before the Commission". And unless so urged, the objection may not "be considered by the court", even though it be a final order of the Commission by virtue of 29 U.S.C. § 661(i).
 
 
 14
 Thus, although the petitioner before us has formidable, well-reasoned authority supporting his "objection" to the assessment of penalties, see Diamond Roofing Co. v. OSHRC, 528 F.2d 645 (5th Cir. 1976), we lack jurisdiction to consider the merits of the contention.
 
 
 15
 The petition for review of the Commission's order will be dismissed.
 
 
 16
 SEITZ, Chief Judge (dissenting).
 
 
 17
 I believe, contrary to the majority, that the petitioners did not waive their rights to judicial review here. However, on the merits I agree with the Commission and therefore believe that the petition should be denied rather than dismissed. No one confronting our caseload can be unsympathetic to the unarticulated premise of the majority's opinion that every case finally resolved in the Commission means one less case in the Court of Appeals. However, I merely submit that an aggrieved litigant ought to be given fair notice by the Commission of the important consequence of electing not to pursue the discretionary remedy provided by regulation.
 
 
 18
 Under 29 U.S.C. § 659 of the Act, the Secretary may issue citations to employers for alleged violations of the Act. The employer may within 15 working days thereafter notify the Secretary that he wishes to contest the citation or proposed assessment of penalty. If such a notification is given, the Commission is required to afford an opportunity for a hearing. Such a hearing is before a hearing examiner.
 
 
 19
 Under § 661 the report of the hearing examiner becomes the final order of the Commission 30 days after it is filed, "unless within such period any Commission member has directed that such report shall be reviewed by the Commission." Section 660 provides for review of the Commission's order by a Court of Appeals.
 
 
 20
 The statutory provisions noted provide a clear cut administrative procedure for an aggrieved litigant which he must exhaust before seeking judicial review. There is no question that petitioners here fulfilled all such statutory preconditions.
 
 
 21
 The Secretary points out, however, that a regulation was adopted which provides that an aggrieved litigant may, after the filing of the examiner's report, file a petition for discretionary review by the Commission. 29 C.F.R. § 2200.91. Since petitioners did not do so, the Secretary argues, and the majority agree, the petitioners failed to exhaust their administrative remedies and thereby waived any right to judicial review.
 
 
 22
 I have no quarrel with the wisdom of Regulation 2200.91, which, as I view it, constitutes a convenient way to assist the Commission in discharging its discretionary function of reviewing the rulings of the examiners. But the Commission need not act on such petitions and thus their filing does not assure an aggrieved party a determination by another administrative echelon, as is true in the typical administrative exhaustion case.
 
 
 23
 The election of an aggrieved litigant not to file the petition for discretionary review puts him on notice, as a practical matter, that the Commission will probably not review the examiner's report before it becomes the final action of the Commission. It does not, in my view, put an aggrieved party on notice that his decision not to file such petition will constitute a waiver of all judicial review. I do not believe such a waiver is to be so readily implied, particularly since the waiver doctrine strongly embraces the element of notice.
 
 
 24
 I will concede for present purposes that the Commission could adopt a regulation requiring the filing of a petition requiring discretionary review even at the same "legal" administrative level, in which event the exhaustion doctrine would be applicable. In such cases, however, litigants would be entitled to language fairly notifying them of that consequence. No such language appears in the present regulation. The petitioners should therefore not be held to have waived all rights of judicial review by electing not to file a petition seeking discretionary review.
 
 
 25
 The majority's reliance on Section 660(a) is misplaced. Under the statutory scheme only Commission action is reviewed by the court. The examiner's unreviewed report becomes Commission action for judicial review purposes. Thus, it makes sense in § 660(a) to provide that no objection not argued before the Commission shall be considered by the court. The statute limits the issues which can be presented to the court. It is not a precondition to any judicial review.
 
 
 26
 To say, as does the majority, that § 660(a) was "deliberate in its purpose", assumes that when Congress adopted the section it was aware that the Commission would subsequently adopt a regulation authorizing an aggrieved litigant to file a petition seeking discretionary review. To state that assumption is to vitiate it.
 
 
 27
 Nor does the majority's attempt to contrast the language of § 660(a) with that of 29 U.S.C. § 160(e) of the National Labor Relations Act provide them with any real comfort. The latter section does not, as the majority implies, provide that any objection urged before either "the Board, its member, agent, or agency" may thereafter be the subject matter of judicial review. Rather, any objection which is not ultimately raised before the National Labor Relations Board is deemed to have been waived for all purposes. NLRB v. Int'l U. of Oper. Engineers, Local 66, 357 F.2d 841 (3d Cir. 1966). However, explicit notice of the consequences of a party's failure to urge such an objection before the Board is provided by regulation. 29 C.F.R. § 102.46. Of course, no such regulation exists in the instant case.
 
 
 28
 I would therefore hold that the exhaustion doctrine does not preclude judicial review here.
 
 
 29
 Since I would reach the merits, I would ordinarily discuss them at some length. However, since I am a voice crying in the judicial wilderness of dissent, I content myself by saying that I would deny the petition for review on the merits because I believe the Commission was justified in concluding that the pertinent safety regulation was applicable and violated.
 
 
 
 [1]
 Keystone Roofing Company, Inc. and Harold E. Sweeney Corporation each received an OSHA citation for violating 29 U.S.C. § 654(a)(2). Each timely contested the citation and proposed penalty. The cases were consolidated before a single hearing examiner and remain so before us. For convenience sake, therefore, we will employ the terms "employer" or "petitioner" and refer thereby to the interests of both Keystone and Sweeney
 
 
 [2]
 (a) A party aggrieved by the decision of a judge may submit a petition for discretionary review
 (b)(1) Except as provided in paragraphs (b)(2) and (3) of this section, any petition must be received by the Judge at his office on or before the twentieth day following his mailing of a copy of the decision to the parties.
 (2) When there is no objection by any party, when an expedited proceeding has been directed pursuant to § 2200.101, or for other good cause, the Judge is empowered to prescribe a shorter time for filing petitions for discretionary review following the mailing of his decision.
 (3) Petitions for review of a Judge's decision may be filed directly with the Executive Secretary subsequent to the filing of the Judge's report. Such petitions will be considered to the extent that time and resources permit. Parties filing such petitions should be aware that any action by a Commission Member directing review must be taken within thirty (30) days following the filing of the Judge's report.
 (4) In the case of proposed settlements or other proposed dispositions by consent of all parties, petitions for discretionary review shall not be allowed, except for good cause shown.
 (c) A petition should contain a concise statement of each portion of the decision and order to which exception is taken and may be accompanied by a brief of points and authorities relied upon. The original and three (3) copies shall be filed with the Commission.
 (d) Failure to act on such petition within the review period shall be deemed a denial thereof.
 (e) Statements in opposition to petitions for discretionary review may be filed at the times and places specified in this section for the filing of petitions for discretionary review. Any Statement shall contain a concise statement on each portion of the petition to which it is addressed.
 
 
 [3]
 A hearing examiner appointed by the Commission shall hear, and make a determination upon, any proceeding instituted before the Commission and any motion in connection therewith, assigned to such hearing examiner by the Chairman of the Commission, and shall make a report of any such determination which constitutes his final disposition of the proceedings. The report of the hearing examiner shall become the final order of the Commission within thirty days after such report by the hearing examiner, unless within such period any Commission member has directed that such report shall be reviewed by the Commission
 
 
 [4]
 (d) Guarding of open-sided floors, platforms, and runways. (1) Every open-sided floor or platform 6 feet or more above adjacent floor or ground level shall be guarded by a standard railing, or the equivalent, as specified in paragraph (f)(i) of this section, on all open sides, except where there is entrance to a ramp, stairway, or fixed ladder. The railing shall be provided with a standard toeboard wherever, beneath the open sides, persons can pass, or there is moving machinery, or there is equipment with which falling materials could create a hazard
 
 
 [5]
 The dissent rests its analysis on the premise that petitioner did not receive fair notice of the consequences of not petitioning for discretionary review. We are obliged to observe in this regard that the requirement of exhausting administrative remedies is not novel; the doctrine of exhaustion is firmly embedded in administrative law practice. See, e. g., Atlantic & Gulf Stevedores, Inc. v. Director, Office of Workers' Compensation Programs, --- F.2d ---- (3d Cir., 1976). See generally, K. Davis Administrative Law Text Ch. 20 (1972)
 
 
 [6]
 I. e., "a concise statement of each portion of the decision and order to which exception is taken and (which) may be accompanied by a brief of points and authorities relied upon". 29 C.F.R. § 2200.91(c); see note 2 supra