631 F.2d 20
 8 O.S.H. Cas.(BNA) 2026, 1980 O.S.H.D. (CCH) P 24,786
UNIVERSAL AUTO RADIATOR MANUFACTURING CO., Petitioner,
v.
Ray MARSHALL, Secretary of Labor, and Occupational Safety
and Health Review Commission, Respondents.
 No. 79-2557.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule 12(6) July 10, 1980.
Decided Sept. 15, 1980.
 
 Charles R. Volk, Jane A. Lewis, Thorp, Reed & Armstrong, Pittsburgh, Pa., for petitioner.
 Carin A. Clauss, Sol. of Labor, Benjamin W. Mintz, Associate Sol. for Occupational Safety and Health, Allen H. Feldman, Counsel for Appellate Litigation, Ronald R. Glancz, Al J. Daniel, Jr., Washington, D.C., Marshall H. Harris, Regional Sol., Philadelphia, Pa., Domenique Kirchner, U. S. Dept. of Labor, Washington, D.C., for respondents.
 Before WEIS, VAN DUSEN and HIGGINBOTHAM, Circuit Judges.
 PER CURIAM:
 
 
 1
 This petition for review filed by Universal Auto Radiator Manufacturing Co. (Universal), pursuant to 29 U.S.C. § 660(a), challenges that part of an August 28, 1979, decision of an Occupational Safety and Health Review Commission (OSHRC) judge (ALJ), which determined that petitioner had willfully violated the standard at 29 C.F.R. § 1910.217(c)(1)(i) in not providing "point of operation guards" or properly applied point of operation devices on two multi-ton mechanical power presses. See 29 U.S.C. § 666. A civil penalty of $5,000, was imposed on Universal.
 
 I.
 
 2
 Before reaching the merits, we must address the issue of the jurisdiction of this court. Respondents have filed a motion to dismiss this petition for review on the ground that this court lacks subject matter jurisdiction due to an alleged failure of petitioner to exhaust its administrative remedies as required under our case of Keystone Roofing Co., Inc. v. Dunlop, 539 F.2d 960 (3d Cir. 1976). Respondents rely on the language of 29 C.F.R. § 2200.91(a) and (b)(3) for support of their contention that petitioner failed to file a timely petition for review of the ALJ's ruling before the full Commission and, accordingly, has not exhausted its administrative remedies. The regulation is as follows:
 
 
 3
 "(a) A party aggrieved by the decision of a judge may submit a petition for discretionary review. An aggrieved party that fails to file a petition for such review by the Commission may be foreclosed from court review of any objection to the judge's decision. Keystone Roofing Co., Inc. v. Dunlop, 539 F.2d 960 (3d Cir.1976).
 
 
 4
 "(b)
 
 
 5
 "(3) Petitions for review of a Judge's decision may be filed directly with the Executive Secretary subsequent to the filing of the Judge's report. Such petitions will be considered to the extent that time and resources permit. Parties filing such petitions should be aware that any action by a Commission Member directing review must be taken within thirty (30) days following the filing of the Judge's report."
 
 
 6
 Respondents also rely upon the portion of 29 U.S.C. § 660(a) providing that:
 
 
 7
 "No objection that has not been urged before the Commission shall be considered by the Court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances."
 
 
 8
 In accordance with 29 C.F.R. § 2200.90, the decision of the ALJ was mailed to the parties on August 8, 1979, 20 days in advance of its filing with the OSHRC on August 28. The decision was accompanied by a notice saying, inter alia, that such decision would become the final order of the Commission on September 27, 1979, 30 days after being filed with the OSHRC, unless within that time a member of the Commission directed that it be reviewed. This notice made clear that Universal might petition for review of the ALJ's decision by the OSHRC, presumably on or before September 27.[1] On September 25, 1979, Universal mailed its petition for review to the OSHRC (169a). This petition was not received until September 28. However, under OSHA's regulations, such mailing was deemed filed on September 25, 1979. 29 C.F.R. § 2200.8 provides:
 
 DAVID H. HARRIS
 
 9
 JUDGE, OSHRC"
 
 
 10
 "Filing
 
 
 11
 "(b) Unless otherwise ordered, all filing may be accomplished by first class mail.
 
 
 12
 "(c) Filing is deemed effected at the time of mailing."
 
 
 13
 Thus, under OSHA's regulations, the petition was filed on September 25, 1979, which technically appears to comply with the requirements of 29 C.F.R. § 2200.91(a) and (b)(3). OSHA notes that in fact the petition was received on September 28, after the opinion became final, and argues that such filing should not be deemed to comply with the exhaustion requirement.
 
 
 14
 We need not resolve this technical dispute,[2] however, because the record shows that in this case the petition for discretionary review, received September 28, 1979, was in fact considered by the individual Commission Members and that it was subsequently denied on October 1, 1979. The Commission's order stated that "(t)he petition having come on to be considered by the individual Commission Members and no Commission Member having directed review, the petition is deemed to be denied and the decision of the Administrative Law Judge is a final order of the Commission" (172a). This order shows that the members of the OSHRC in fact considered Universal's objections and denied them. Accordingly, our decision in Keystone Roofing does not require dismissal of this case. The exhaustion requirement was adopted due to our concern for the orderly handling of proceedings before administrative agencies. We concluded that administrative authorities must be provided an opportunity to review the actions of the ALJs in light of the objections of the parties before those objections are presented to an appellate court. 539 F.2d at 964. In this case the OSHRC members have considered the petitioner's contentions and found no need for further review. Thus, the concern expressed in Keystone Roofing has been complied with in this case.[3]
 
 
 15
 Because of the October 1, 1979, order demonstrating consideration by the OSHRC of Universal's September 1979 petition for review, the motion to dismiss will be denied, and it is not necessary for us to consider the contention (page 6) in the response to the motion to dismiss that such motion to dismiss was not timely filed.II.
 
 
 16
 Turning to the merits in this case, the employer intentionally removed a safety device from the multi-ton mechanical power presses after the employer had been ordered by an OSHA representative to adopt one of several possible safety devices. When the first safety device installed made it impractical to do the work with the speed required by the employer, Universal replaced it with a device (pliers) specifically forbidden by the regulations, rather than adopting one of the safety devices originally suggested by the OSHA representatives. An accident subsequently occurred in which an employee lost four fingers in the power press.
 
 
 17
 The Secretary argued before the ALJ that the above facts constituted a "willful" violation of the Act. In analyzing this contention, the ALJ applied the following standard taken from United States v. Dye Construction Co., 510 F.2d 78, 81 (10th Cir. 1975):
 
 
 18
 "The failure to comply with a safety standard under the Occupational Safety and Health Act is willful if done knowingly and purposely by an employer who, having a free will or choice either intentionally disregards the standard or is plainly indifferent to its requirement. An omission or failure to act is willfully done if done voluntarily and intentionally."
 
 
 19
 The petitioner argues that this standard is materially different from the willful standard articulated by this court in Frank Irey, Jr. v. OSHRC, 519 F.2d 1200 (3d Cir. 1974), aff'd en banc on other grounds, 519 F.2d 1215 (1975), aff'd on other grounds, 430 U.S. 442, 97 S.Ct. 1261, 51 L.Ed.2d 464 (1977), and that this difference requires us to remand for further proceedings. In Irey we held that:
 
 
 20
 "Willfulness connotes defiance or such a reckless disregard of consequences as to be equivalent to a knowing, conscious, and deliberate flaunting of the Act. Willful means more than merely voluntary action or omission-it involves an element of obstinate refusal to comply."
 
 
 21
 519 F.2d at 1207.
 
 
 22
 We do not believe the distinction between the Tenth Circuit's standard employed and our standard requires remand. In the most recent decision by this court on this issue, this language was used:
 
 
 23
 "The supposed conflict among the circuits on this point has been generated by several courts of appeals reading into our Irey definition a requirement that the employer act with 'bad purpose.' Read in this fashion, Irey had not been followed by some circuits. These courts have adopted various definitions, generally holding that willful means an act done voluntarily, with either an intentional disregard of, or plain indifference to, OSHA requirements. See, e. g., National Steel and Shipbuilding Co. v. OSHRC, 607 F.2d 311, 313-16 (9th Cir. 1979). In Cedar Construction Co. v. OSHRC, 587 F.2d 1303, 1305 (D.C.Cir.1978), the Court of Appeals for the District of Columbia Circuit, an ever available forum under the statute, has concluded that there is little, if any, difference between our approach and that taken by these other courts. Id. at 1305. We agree.
 
 
 24
 "To our way of thinking, an 'intentional disregard of OSHA requirements' differs little from an 'obstinate refusal to comply'; nor is there in context much to distinguish 'defiance' from 'intentional disregard.' 'Flaunting the act' or 'flouting it,' as some would say, again carries the same meaning."
 
 
 25
 See Babcock & Wilcox v. Occupational Safety & Health Review Commission and Secretary of Labor, 622 F.2d 1160, 1167-1168 (1980 3rd Cir.).
 
 
 26
 As we find that there was substantial evidence to support the decision that this conduct constituted a "deliberate flaunting of the Act" and an "obstinate refusal to comply" with the Act,[4] we will deny the petition for review.
 
 
 
 [1]
 The August 8, 1979, notice to Universal on OSHRC Form No. 97 provided (see Addendum A to respondents' motion to dismiss):
 "NOTICE OF DECISION
 Secretary v. UNIVERSAL AUTO RADIATOR MANUFACTURING CO. OSHRC Docket No. 78-6127
 
 
 [1]
 Enclosed herewith is my decision in the above entitled case. It will be filed on August 28, 1979, and will become the final order of the Commission pursuant to 29 U.S.C. § 661(i) on September 27, 1979 unless a member of the Commission directs that it be reviewed. Parties will not receive any further communication from the Commission unless it is directed for review (see Paragraph 4 below)
 
 
 [2]
 You may petition for review of this decision by the Commission. An original and six copies of such a petition must be submitted in accordance with 29 C.F.R. § 2200.91a. In order to assure careful consideration thereof it should be sent to me so that it can be incorporated with my decision and filed with it on August 28, 1979. Petitions will be accepted after that filing date, but there is no guarantee that there will be sufficient time to fully consider them. The final order date is statutory and cannot be extended under any circumstances
 
 
 [3]
 Petitions for review submitted prior to the above noted filing date should be sent to me at the address above. Those submitted after the filing date should be mailed to:
 Richard Schiffmann, Chief Review Counsel
 Occupational Safety and Health Review Commission
 1825 K Street, N.W.
 Washington, D. C. 20006.
 
 
 [4]
 Should review be granted by a member of the Commission, each party to this case will be notified and each will be given an opportunity to submit a brief to the members prior to their final disposition of the case
 
 
 [5]
 It would be appreciated if you would execute the enclosed postcard and mail it at once so that your present intention on seeking review of this decision may be known. It does not bind you in any way, but is used only to project future workload
 /s/ David H. Harris
 
 
 [2]
 We note that due to the current delays in the United States mail deliveries, the OSHRC rule in 29 C.F.R. § 2200.8(c) that a petition for review is effectively filed "at the time of mailing" must make it very difficult for the OSHRC members to consider petitions mailed to the Commission after the ALJ's opinion has been filed. We would suggest that the OSHRC reconsider that rule and consider requiring such petitions to be filed and served within 10 days or two weeks of the receipt of the ALJ's opinion. Cf. F.R.Civ.P. 50(b), (c)(2); 52(b); and 59(b). In the absence of some change in 29 C.F.R. § 2200.8(c), violations of the exhaustion of administrative remedies principle in Keystone Roofing, supra, are likely to occur. See also McGowan v. Marshall, 604 F.2d 885, 889, 890 (5th Cir. 1979); Stockwell Mfg. Co. v. Usery, 536 F.2d 1306, 1309 (10th Cir. 1976)
 
 
 [3]
 Although the review of the members may have been a futile act, due to the terms of 29 U.S.C. § 661(i), such review was afforded
 
 
 [4]
 The ALJ made the following findings:
 "It is abundantly clear however, that the Respondent, fully aware that the two presses in question were required to be equipped with point of operation guarding, deliberately removed the barriers which were in place on these presses on or about December 20, 1977, and required its employees to feed these powerful machines by the use of six-inch needle nosed pliers. The hazard of feeding these presses by this means was increased by the necessity of applying oil to the stampings as they are fed into the press which caused the handles of the pliers to become oil covered and slippery in the grasp. A condition which inexorably operated to diffuse the operator's attention and thereby increased the danger of the operation. (164a-165a)
 "That this Respondent, knowingly and purposely, having a free will or choice, intentionally disregarded the standard which had been directly called to its attention, is beyond question and I so find." (166a).