F.A. GRAY, INC., Petitioner,

v.

The **OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION,** Respondent.

No. 85–1482.

United States Court of Appeals, First Circuit.

Argued Dec. 4, 1985.

Decided March 6, 1986.

Michael E. Chubrich with whom Shaines, Madrigan & McEachern, Portsmouth, N.H., was on brief, for petitioner.

John Shortall, U.S. Dept. of Labor, with whom Francis X. Lilly, Sol. of Labor, Frank A. White, Associate Sol. for Occupational Safety and Health, Joseph M. Woodward, Counsel for Appellate Litigation, and Andrea C. Casson, Asst. Counsel for Appellate Litigation, Washington, D.C., were on brief, for respondent.

Before CAMPBELL, Chief Judge, and BOWNES and BREYER, Circuit Judges.

BREYER, Circuit Judge.

F.A. Gray, Inc. ("Gray"), a painting contractor, petitions for review of a decision of the Occupational Safety and Health Review Commission (OSHRC) that it violated OSHA regulation 29 C.F.R. § 1926.28(a), which provides in relevant part:

> The employer is responsible for requiring the wearing of appropriate personal protective equipment in all operations where there is an exposure to hazardous conditions....

*See* Occupational Safety and Health Act § 5(a)(2), 29 U.S.C. § 654(a)(2). The issue before the Commission was whether Gray's painters should have worn safety belts when they painted the outside of a low wall or parapet that runs around the roof of a Holiday Inn in Portsmouth, New Hampshire. The Secretary of Labor argued to the Administrative Law Judge and to the Commission that safety belts were required because the parapet was low (only fifteen to eighteen inches), the roof was high (sixty feet), and the painters had to lean out over the top of the parapet to paint its exterior face. A careless move, said the Secretary, might mean a fall. Gray responded by pointing out that the painters

were not standing but rather kneeling behind the parapet, which came up to their waists; moreover, the top of the parapet was broad (twelve inches), and only the painters' heads and shoulders would likely extend over the top into space. According to Gray, a fall over the wall was impossible even if a painter suddenly fainted.

The ALJ found that the employer should have required safety belts. He wrote:

> In my opinion, the very description of the painting—leaning over a 15–18 inch parapet and reaching to paint 2 feet down on the face of the 60 foot high building—is clear and convincing evidence of a hazardous condition....

Accordingly, he assessed a $400 penalty against Gray for the violation of 29 C.F.R. § 1926.28(a).

The Review Commission, because of an unfilled vacancy, heard Gray's administrative appeal with only two members on the panel. The two commissioners disagreed about the merits of the case. One of them, Commissioner Cleary, agreed with the ALJ that the description of the employees' work, together with a picture of one of Gray's employees leaning over the wall, was conclusive evidence of a falling hazard. The other member, Chairman Buckley, considered the description and photograph insufficient in light of witnesses' testimony that painters did not normally wear safety belts in such circumstances and that no one had ever heard of a painter falling off a roof while kneeling behind a parapet. The two members of the panel decided to resolve their differences by "agree[ing] to affirm the [administrative law] judge's [decision] but accord[ing] that ... decision no precedential value." Gray now appeals this decision to us. 29 U.S.C. § 660(a).

The parties correctly point us to the precedent that controls this appeal, namely, *Cape & Vineyard Division of New Bedford Gas v. OSHRC*, 512 F.2d 1148 (1st Cir.1975). In *Cape & Vineyard*, this court, concerned about the fairness of assessing penalties under a vaguely worded, open-ended regulation like the one before us,

held that such regulations, at least ordinarily, must be "read to penalize only conduct unacceptable in light of the common understanding and experience of those working in the industry." *Id.* at 1152 (citations omitted); *see also Donovan v. General Motors Corp.,* 764 F.2d 32, 37 (1st Cir. 1985). Normally, the standard of conduct would be established by reference to industry custom and practice. Sometimes, however, as *Cape & Vineyard* itself recognizes, OSHA might go further and insist that the industry as a whole improve its safety practices. In that event, OSHA must establish "that a prudent man familiar with [the industry] would have understood that more protective equipment was 'necessary' " and therefore that it was not "unfair to hold [a particular] employer to a standard higher than that of actual practice." *Cape & Vineyard,* 512 F.2d at 1152.

■ In light of *Cape & Vineyard,* we must reverse OSHRC's result in this case. Insofar as the OSHRC decision relies on *actual* industry practice, it is not supported by "substantial evidence." 29 U.S.C. § 660(a). Four of Gray's witnesses, including two painting contractors each with close to forty years' experience in the industry, testified that industry practice was the opposite of the practice that OSHA required. They said that those in the industry would consider the parapet high enough to protect the painters kneeling behind it. Indeed, one of these witnesses, Maynard Young, testified that his company was once in charge of painting the very Holiday Inn involved in this case and that its employees painted the parapet in the same way Gray did—without safety belts. He added that the limited risk of injury caused by tripping over safety lines was probably greater than the risk of falling over the edge without safety equipment (though this fact was disputed).

Two OSHA witnesses drew different conclusions. They said it was dangerous to work behind a low wall without a safety belt. The first of these witnesses (the compliance officer who conducted the inspection) had no familiarity, however, with the painting industry. The second OSHA witness, a safety expert and union representative with long experience, testified that he himself had painted in similar situations, wearing a safety belt each time; and he said that wearing a belt was industry practice, citing numerous examples. On cross-examination, however, it turned out that all the examples involved work on roofs *without walls or parapets.* The witness could not cite any instance he had seen involving work on a roof with a wall—despite the fact that it is the *wall* which Gray said made the difference. Despite the expert's service on many safety committees, he could not think of any instance in which the work on a roof with a wall (or any closely analogous matter) had been discussed. We are left with the firm conviction that this OSHA expert offered strong reasons for considering the practice dangerous, but that he did not provide evidence of a contrary industry practice. Neither the ALJ nor the Review Commission found that any such practice existed. Commissioner Cleary's statement that "[i]ndustry custom and practice ... are not controlling" suggests that both he and Chairman Buckley believed that the practice in the industry was *not* to wear safety belts in these circumstances.

Alternatively, we might view OSHRC's decision as an effort to *improve* an industry practice that is unreasonably dangerous. The testimony of OSHA's witnesses, along with the photographs of the work site that were submitted in evidence, might provide a sufficient basis for OSHRC to find present industry practice unreasonably dangerous. And, as this court noted in *Cape & Vineyard,* it "may not be unfair to hold the employer to a standard higher than that of actual practice," 512 F.2d at 1152, in order to achieve the statute's basic purpose of stopping unreasonably dangerous practices, *see id.* at 1150. In such a case, achieving the statute's basic purpose may outweigh any *ex post facto* unfairness to the employer.

Nonetheless, the peculiar compromise struck in OSHRC's decision—liability with-

out precedential effect—makes it impossible to accept this rationale. To what can the agency point as offsetting the unfairness of treating Gray differently from others in the industry? It cannot say, 'But, this treatment will help make a safer workplace in the future.' Nor can it say, 'But, at least, Gray is being treated the same as we will treat *all* employers now and in the future.' The failure to give the opinion effect as precedent prevents the agency from giving either of these potentially satisfactory answers.

The only offsetting feature to which the Secretary might point is the fact that OSHA previously cited Gray for failing to have its painters wear safety belts when working on a roof; Gray did not contest the violation. Nothing in the record suggests, however, that the previous citation involved work behind a parapet. And, Gray provides evidence which it says shows an exemplary safety record. Under this circumstance, we do not see how the existence of the prior citation could make a significant difference. *See S & H Riggers & Erectors, Inc. v. OSHRC,* 659 F.2d 1273, 1284 (5th Cir. Unit B 1981) ("[A]n uncontested citation ... does not establish that the provision of safety belts is actually necessary even on the specific job for which the citation is issued, but only that the Secretary believes that the belts are necessary."). In sum, viewed as a departure from past industry practice, the decision is somewhat unfair. And, given the agency's refusal to treat it as precedent, there is no offsetting justification for the unfairness. We therefore conclude that the agency's decision, if viewed as an effort to *improve* industry practice, is "arbitrary" or "capricious"; hence, it is unlawful. 5 U.S.C. § 706(2)(A).

■ Gray also sought attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), for his expenses in defending other charges that OSHA brought against him—each of which Gray eventually won and which are not before us on appeal. The ALJ denied Gray these fees on the ground that OSHA's position, while wrong, was "substantially justified" —a fact that under the statute means Gray cannot receive the fees he seeks. Gray appeals the denial. We need not reach the merits of the ALJ's decision, however, for Gray did not appeal that decision denying fees to the Review Commission (despite adequate notice) and thus Gray's claim for fees is waived. 29 C.F.R. §§ 2204.309, 2200.91; 29 U.S.C. § 660(a); *Keystone Roofing Co., Inc. v. OSHRC,* 539 F.2d 960 (3d Cir.1976).

For these reasons, the petition for review is granted and the order of OSHRC is

*Reversed.*