**F. X. MESSINA CONSTRUCTION CORP., Petitioner,**

v.

**OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION, and the Secretary of Labor, Complainants, Respondents.**

**No. 74-1202.**

United States Court of Appeals, First Circuit.

Heard Oct. 7, 1974.

Decided Nov. 5, 1974.

Robert Hoag Gordon, Boston, Mass., for petitioner.

Harry R. Silver, Atty., Dept. of Justice, with whom Carla A. Hills, Asst. Atty. Gen., William J. Kilberg, Solicitor of Labor, Benjamin W. Mintz, Associate Solicitor for Occupational Safety and Health, Michael H. Levin, Washington, D. C., counsel for Appellate Litigation, Stephen C. Youhay, Asst. Counsel for Appellate Litigation, Nancy Norman, Atty., and Stephen F. Eilperin, Atty., Dept. of Justice, Washington, D. C., were on brief, for respondents.

Before COFFIN, Chief Judge, ALDRICH and CAMPBELL, Circuit Judges.

PER CURIAM.

This is a petition to review a decision of the Occupational Safety and Health Review Commission (OSHRC) that peti-

tioner willfully violated the employment safety provisions of section 5(a) of the Occupational Safety and Health Act of 1970 (OSHA), 29 U.S.C. § 654(a), as defined by regulation promulgated by the Secretary of Labor [1] pursuant to section 6 of the Act, 29 U.S.C. § 655. Petitioner concedes that its failure to shore, sheet, brace, slope, or otherwise support a trench of a depth greater than five feet, which permitted the collapse of the trench and the death of an employee, constituted a "serious" violation of the OSHA,[2] but challenges the conclusion of the OSHRC that such failure was "willful" under section 17(a) of the Act, 29 U.S.C. § 666(a).[3]

■■■ The Commission's conclusion of willfulness was fully warranted. Petitioner was obviously aware of the shoring requirements applicable in cases of trenches exceeding five feet in depth, having been convicted of a previous violation within a year. In the present case its foreman, Wilfred Bisson, himself measured the depth of the trench the afternoon before the accident, recording a distance of 4½ feet from the ground surface to the top of a transite water main just uncovered. At that point Bisson knew that "we had quite a distance to go to reach the depth that we needed. . . . [W]e would have to clear . . . off [the pipe] and start digging in . . . ." The following morning Bisson began that operation, instructing James DeMenezes to dig around and beneath the water main, which of necessity would result in passing the five foot mark. Yet, knowing this, and that the men were already beginning to dig, he left without giving any instructions as to shoring. The Commission could properly conclude that Bisson did not expect, under these circumstances, that the men would install the shoring the moment five feet was reached, even though, in the past, there had been general instructions. Bisson neither ordered shoring nor returned to the trench until the shouts of his men informed him that DeMenezes had been buried beneath the mud. Such indifference to the requirements of law may alone represent a willful statutory violation *see* United States v. Illinois Central R. R., 1938, 303 U.S. 239, 243, 58 S.Ct. 533, 82 L.Ed. 773, and is not met by Bisson's private determination that in this case it would not be dangerous. The regulation unambiguously forecloses such discretion. In addition, we believe the Commission was justified in taking Bisson's testimony to mean that he had consciously decided not to shore the trench at that time because it would have been difficult, although not impossible, to do in the presence of the transite pipe; again, a factor precluded under the regulation.

Petitioner, through its foreman, made its choice, a conscious, intentional, deliberate, voluntary decision, which, regardless of a venial motive, properly is described as willful. Brennan v. Heard, 5 Cir., 1974, 491 F.2d 1, 3; Coleman v. Jiffy Farms, Inc., 5 Cir., 1971, 458 F.2d 1139, 1142, cert. denied, 409 U.S. 948, 93 S.Ct. 292, 34 L.Ed.2d 219; Nabob Oil Co. v. United States, 10 Cir., 1951, 190 F.2d 478, 480.

The order of the Occupational Safety and Health Review Commission is affirmed.

---

1. The regulation at issue is recorded at 29 C.F.R. 1926.652:

    "Specific Trenching Requirements

    . . . . .

    (b) Sides of trenches in instable or soft material, 5 feet or more in depth, shall be shored, sheeted, braced, sloped, or otherwise supported by means of sufficient strength to protect the employees working within them. . . ."

2. *See* section 17(c), (k), 29 U.S.C. § 666(c), (j).

3. (a) "Any employer who willfully or repeatedly violates the requirements of section 654 of this title, any standard, rule, or order promulgated pursuant to section 655 of this title, or regulations prescribed pursuant to this chapter, may be assessed a civil penalty of not more than $10,000 for each violation."