**CEDAR CONSTRUCTION COMPANY,**
Petitioner,

v.

**OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION and Secretary of Labor, F. Ray Marshall, Respondents.**

No. 77–1538.

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 21, 1978.
Decided Oct. 20, 1978.

---

Thomas J. Monaghan, Omaha, Neb., for petitioner.

John A. Amodeo, Atty., Dept. of Labor, Washington, D. C., a member of the bar of the Supreme Court of New Jersey pro hoc vice by special leave of the Court with whom Allen H. Feldman, Atty., Occupational Safety and Health Review Commission, Washington, D. C., was on the brief for respondent.

Also John A. Bryson and Michael H. Levin, Attys., Dept. of Labor, Washington, D. C., entered appearances for respondent.

Before McGOWAN and ROBB, Circuit Judges, and JONES,* United States Senior District Judge for the District of Columbia.

Opinion PER CURIAM.

PER CURIAM:

Petitioner in this direct review proceeding challenges an order of the Occupational Safety and Health Review Commission (the Commission) finding that petitioner "willfully" violated two Occupational Safety and Health Administration (OSHA) trenching regulations.

Petitioner is a Nebraska corporation in the business of digging trenches and installing sewer and utility pipes. On May 17, 1974, one of its employees was killed by a cave-in of a trench it was excavating along Cornhusker Highway in Lincoln, Nebraska. Investigation revealed that groundwater had eroded the loose soil at the bottom of the 15-foot-deep trench, weakening its foundations, and that vibrations from the heavy traffic along nearby Cornhusker Highway had caused the more cohesive soil above the 13-foot depth to slab off and fall into the trench. Three days after the fatality, an OSHA compliance officer inspected the site. The Secretary of Labor subsequently cited Petitioner for two willful violations of Section 5(a) of the Occupational Health and Safety Act, 29 U.S.C. § 654(a)(2), for failure to comply with the safety standards at 29 C.F.R. §§ 1926.651(h) and 1926.652(e).[1] The Secretary also issued a Notification of Proposed Penalty in the amount of $4,750 for each violation.

Petitioner contested the citations before an Administrative Law Judge who, on August 27, 1975, found that it had willfully violated both the cited standards and assessed a penalty of $9,500. The ALJ's findings of willful violations were upheld by the

---

* Sitting by designation pursuant to 28 U.S.C. § 294(e).

1. 29 C.F.R. § 1926.651(h) provides that

   The angle of repose shall be flattened when an excavation has water conditions, silty materials, loose boulders, and areas where erosion, deep frost action, and slide planes appear. 29 C.F.R. § 1926.652(e) provides that

   Additional precautions by way of shoring and bracing shall be taken to prevent slides or cave-ins when excavation or trenches are made in locations adjacent to backfilled excavations, or where excavations are subjected to vibrations from railroad or highway traffic, the operation of machinery, or any other source.

full Commission, *Secretary of Labor v. Cedar Construction Co.*, OSAHRC Doc. No. 10929 (April 22, 1977), but because the Commission believed the two charges were duplicative, it reduced the penalty to $4,750.

Both parties urge us, as an initial matter, to rule on a purported conflict among the Circuits as to the meaning of "willful" in subsection (a) of 29 U.S.C. § 666, the statute that sets out the penalty structure for violations of OSHA regulations.[2] The majority view, so it is said, is that espoused by the Secretary of Labor and the Commission: a willful violation is "an act done voluntarily with either an intentional disregard of, or plain indifference to, the Act's requirements." *General Electric Co.*, [1977] 3 Empl. Safety & Health Guide (CCH) (1977–1978 Occup. Safety & Health Dec.) ¶ 21,853 (May 19, 1977); *Kent Nowlin Constr. Inc.*, [1977] 3 Empl. Safety & Health Guide (CCH) (1977–1978 Occup. Safety & Health Dec.) ¶ 21,550 (Feb. 15, 1977). This standard has been endorsed by the Eighth Circuit, *Western Waterproofing Co., Inc. v. Marshall*, 576 F.2d 139, 142–43 (8th Cir. 1978), and similar approaches have been adopted by the Sixth, Fourth, Tenth, and First Circuits. *Empire-Detroit Steel Division v. OSHRA*, 579 F.2d 378, 385 (6th Cir. 1978), *quoting United States v. Consolidation Coal Co.*, 504 F.2d 1330, 1335 (6th Cir. 1974) (act is willful if "done knowingly and purposely" by someone who, "having a free will or choice, either intentionally disobeys the standard or recklessly disregards its requirements"); *Intercounty Contr. Co. v. OSHRA*, 522 F.2d 777, 779–80 (4th Cir. 1975), *cert. denied*, 423 U.S. 1072, 96 S.Ct. 854, 47 L.Ed.2d 82 (1976) (knowing choice not to comply with OSHA regulations is willful); *United States v. Dye Constr. Co.*, 510 F.2d 78, 81 (10th Cir. 1975) (act is willful "if done knowingly and purposely by an employer who, having a free will or choice, either intentionally disregards the standard or is plainly indifferent to its requirement"); *F.X. Messina Constr. Corp. v.*

OSHRC, 505 F.2d 701, 702 (1st Cir. 1974) ("a conscious, intentional, deliberate, voluntary decision, . . . regardless of a venial motive, properly is described as willful").

Standing in supposedly sharp contrast to these decisions is the minority approach, followed only in the Third Circuit, that "[w]illfulness connotes defiance or such reckless disregard of consequences as to be equivalent to a knowing, conscious, and deliberate flaunting of the Act. Willful means more than merely voluntary action or omission—it involves an element of obstinate refusal to comply." *Frank Irey, Jr., Inc. v. OSHRC*, 519 F.2d 1200 (3rd Cir. 1974), *aff'd en banc*, 519 F.2d 1215 (3rd Cir. 1975), *aff'd on other grounds, sub nom. Atlas Roofing Co. v. OSHRC*, 430 U.S. 442, 97 S.Ct. 1261, 51 L.Ed.2d 464 (1977); *see also Bethlehem Steel Corp. v. OSHRC*, 540 F.2d 157 (3rd Cir. 1975).

While there may be a difference in emphasis in the Third Circuit's approach, we do not see that it rises to the level of a "conflict" among the Circuits; indeed the two approaches are very likely to yield the same results in particular cases. Someone acts "obstinate[ly]" when he "firmly and . . . perversely adher[es] to [his] purpose, opinion, etc. [and does] not yield [ ] to argument, persuasion, or entreaty." AMERICAN COLLEGE DICTIONARY 837 (1962). Under this definition, intentional disregard of, or plain indifference to, OSHA regulations could well be considered an "obstinate" refusal to comply.

In any event, even if there is some significant difference between the standards, we find substantial evidence in the undisputed facts of the record, as found by the Commission, Joint Appendix (J.A.) at 78, to support the Commission's order under either approach. Each of the three previous inspections of petitioner's trenching operations had resulted in citations. Petitioner's president and project superintendent

---

2. This section provides:

(a) Any employer who willfully or repeatedly violates the requirements of Section 654 of this title, any standard, rule, or order promulgated pursuant to Section 655 of this title, or regulations prescribed pursuant to this chapter, may be assessed a civil penalty of not more than $10,000 for each violation.

had been provided with copies of trenching standards and admitted familiarity with them. Petitioner had experienced groundwater in the trench throughout the job and was well aware of the problem. Adjacent to the section of trench that caved in was backfilled area, indicating a danger of loose soil. The danger of excessive vibration was apparent from the fact that the trench was approximately 50 feet from a well-travelled highway.

Despite the "readily apparent unsafe conditions in the trench," J.A. at 81, and despite petitioner's knowledge of the water conditions therein and its admitted familiarity with trenching standards, no effort was made to slope or shore the trench in any way. In fact, the bottom 10 to 11 feet of the trench were almost vertical. J.A. at 79. These facts, in our view, show petitioner's violations to be "willful" under any reasonable definition of the word.

Petitioner raises a number of arguments apparently designed, in part, to show that its violations were not willful. It alleges that 29 C.F.R. § 1926.651(h) is unenforceably vague; we find, however, that the standard was sufficient to put petitioner on notice as to the proscribed conduct. It argues that the two regulations charged are contradictory. Petitioner is not, however, in a position to complain on this point because it made no effort to comply with either regulation; in any event the Commission assessed only one penalty. It contends that it had a right to rely on the failure of an OSHA inspection conducted 10 days before the accident to identify the violations charged herein. We believe that recognizing such a right would discourage self-enforcement of the Act by businessmen who have far greater knowledge about conditions at their workplaces than do OSHA inspectors. In any case petitioner adduced no evidence that it actually did rely on the earlier inspection.

*Affirmed.*