646 F.2d 799
 9 O.S.H. Cas.(BNA) 1562, 1981 O.S.H.D. (CCH) P 25,320
A. SCHONBEK & CO., INC., Petitioner,
v.
Ray DONOVAN, Secretary of Labor and Occupational Safety and
Health Review Commission, Respondents.
 No. 1032, Docket 81-4014.
 United States Court of Appeals,
Second Circuit.
 Argued April 10, 1981.
Decided April 10, 1981.
 
 Robert P. Wylie, Plattsburgh, N. Y. (Lewis, Wylie & Lyon, Plattsburgh, N. Y., on brief), for petitioner.
 John R. Bradley, Washington, D. C. (T. Timothy Ryan, Jr., Benjamin W. Mintz, Allen H. Feldman, Charles I. Hadden, and Francis V. La Ruffa, Regional Sol., U. S. Dept. of Labor, New York City, on brief), for respondents.
 Before TIMBERS and NEWMAN, Circuit Judges, and SOFAER, District Judge.*
 PER CURIAM:
 
 
 1
 A. Schonbek & Co., Inc., is a New York corporation engaged in the manufacture of metal lighting fixtures. After an employee had two fingers partially amputated, an Occupational Safety and Health Administration ("OSHA") compliance officer inspected the company's principal place of business at Plattsburgh, New York, where the accident occurred. Several citations were issued to the company at that time.
 
 
 2
 Citation 2 fined the company $1300 for willfully violating 29 C.F.R. § 1910.212(a)(3)(ii) (1980) by not placing protective guard or barrier devices on the Cowan machine press on which the employee had lost his two fingers. The company appealed this citation. ALJ Furcolo, in an opinion dated June 8, 1977, affirmed the citation, but vacated the characterization of the violation as "willful."
 
 
 3
 The sole question on appeal of the ALJ's decision to the Commission was whether the violation was willful. On December 30, 1980, the Commission reversed the ALJ and ruled that the violation was willful. The Commission found that the Company had not corrected the unsafe situation in the month between the accident and the inspection and that the record showed that the steps taken (including outfitting the die in use at the time of the accident with a plexiglass barrier and retiring it from use) were inadequate. This petition to review followed, pursuant to 29 U.S.C. § 660(a) (1976). We deny the petition to review and affirm the order to the Commission.
 
 
 4
 The scope of our appellate review is limited. Even if we might reach a different result in a proceeding de novo, we must affirm the decision of the Commission unless it is not supported by substantial evidence. We are persuaded that the decision of the Commission is supported by substantial evidence.
 
 
 5
 Both the Commission and the Occupational Safety and Health Administration define a "willful" violation as one done either with an intentional disregard of, or plain indifference to, the statute. We join those other Courts of Appeals that have approved the administrative definition of willfulness. See, e. g., Babcock & Wilcox Co. v. OSHRC, 622 F.2d 1160, 1167 (3d Cir. 1980); National Steel & Shipbuilding Co. v. OSHRC, 607 F.2d 311, 313-16 (9th Cir. 1979); Georgia Electric Co. v. Marshall, 595 F.2d 309, 318 (5th Cir. 1979); Kent Nowlin Construction Co. v. OSHRC, 593 F.2d 368, 372 (10th Cir. 1979); Cedar Construction Co. v. OSHRC, 587 F.2d 1303, 1305 (D.C.Cir. 1979) (per curiam); Empire-Detroit Steel Division v. OSHRC, 579 F.2d 378, 384-85 (6th Cir. 1978); Western Waterproofing Co., Inc. v. Marshall, 576 F.2d 139, 143 (8th Cir.), cert. denied, 439 U.S. 965, 99 S.Ct. 452, 58 L.Ed.2d 423 (1978); Intercounty Construction Co. v. OSHRC, 522 F.2d 777, 779-80 (4th Cir. 1975), cert. denied, 423 U.S. 1072, 96 S.Ct. 854, 47 L.Ed.2d 82 (1976); F.X. Messina Construction Corp. v. OSHRC, 505 F.2d 701, 702 (1st Cir. 1974).
 
 
 6
 The decision of the Commission was not erroneous in any respect. Applying the administrative definition of willfulness, the Commission found that the company had acted willfully in failing to install protective barriers on the other dies in use and in failing to install an adequate barrier on the so-called "accident die."
 
 
 7
 The company's arguments to the contrary are unpersuasive. The claim that the citation must be consistent with the "other-than-serious" citation issued against another press, an Alceco punch press, ignores the fact that the Cowan press was a different press, was of different design, and was employed for different purposes; and that the latter press had a tragically different history of risk after June 24, 1976. The claim that there was no violation because the inspection die was safe and the accident die was removed and given a plexiglass protective barrier is contradicted by the record and is irrelevant to the issue of willfulness before us. It is the fact that the company did nothing about the four dies in use on the Cowan press not the presence of a safety file on record with the company or the installation of a dubious barrier on the accident die that the Commission found dispositive in terming the violation willful. We hold that, based on the evidence, that conclusion was correct.
 
 
 8
 Petition to review denied; order of Commission affirmed.
 
 
 
 *
 Hon. Abraham D. Sofaer, United States District Judge, Southern District of New York, sitting by designation