**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Patrick J. DOIG, Defendant–Appellee.**

No. 91–1394.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 12, 1991.

Decided Dec. 5, 1991.

Eric J. Klumb (argued) and Patricia J. Gorence, Asst. U.S. Attys., Office of the U.S. Atty., Milwaukee, Wis., for plaintiff-appellant.

Marna M. Tess–Mattner and Franklyn M. Gimbel, Gimbel, Reilly, Guerin & Brown, Milwaukee, Wis., for defendant-appellee.

Before BAUER, Chief Judge,
CUMMINGS and COFFEY, Circuit Judges.

BAUER, Chief Judge.

In this case of first impression, we must determine whether an employee may be charged with aiding and abetting his corporate employer in a criminal violation of The Occupational Health and Safety Act of 1970, 29 U.S.C. § 666(e) (1988) ("OSHA" or "the Act"). We find that Congress did not intend to subject employees to such liability under OSHA, and, therefore, affirm the district court's dismissal of criminal charges against Defendant–Appellee, Patrick J. Doig.[1]

### I.

The S.A. Healy Company ("Healy") and Patrick J. Doig ("Doig") were charged with twelve counts of criminal OSHA violations under 29 U.S.C. § 666(e). The section imposes criminal liability on "[a]ny employer" whose willful violation of an OSHA regulation causes the death of any employee. *Id.* The alleged violations occured while Healy was building a tunnel as part of the Milwaukee Metropolitan Sewerage District's water pollution abatement program. Doig was the manager of the tunnel project. An explosion in the tunnel on November 10, 1988, killed three of Healy's employees.

Healy was charged with willful violations of various safety regulations under the Act resulting in the death of the three employees. Doig was charged with aiding and abetting Healy in those violations. Specifically, the government claimed that Healy violated four OSHA regulations covering ventilation, safety training, the use of explosion-proof electrical equipment, and electrical power shutoff during a gas encounter. The government also asserted that Doig aided and abetted Healy's failure to comply with the electrical power shutoff

and explosion-proof equipment regulations. Appellant's Brief at 2.

Doig moved to dismiss, asserting that because he is not an employer, he cannot be held criminally liable under § 666(e) as either a principal or an aider and abettor. The district court granted Doig's motion to dismiss. On February 20, 1991, a jury convicted Healy of all counts under the indictment. While Healy's trial was proceeding, the government appealed the district court's order dismissing Doig.

### II.

■ OSHA's stated purpose is "to assure so far as possible every working man and woman in the Nation safe and healthful working conditions ... by providing that employers and employees have separate but dependent responsibilities and rights with respect to achieving safe and healthful working conditions...." 29 U.S.C. § 651 (1988). In this case, the government argues that an employee may be subjected to criminal liability under § 666(e). The section provides:

Any employer who willfully violates any standard, rule, or order promulgated pursuant to section 655 of this title, or of any regulations prescribed pursuant to this chapter, and that violation caused death to any employee, shall, upon conviction, be punished by a fine of not more than $10,000 or by imprisonment for not more than six months, or by both....

29 U.S.C. § 666(e). The government does not argue that Doig is an employer. It maintains, however, that he may be sanctioned under § 666(e) pursuant to the provisions of 18 U.S.C.A. § 2(a) (1991). Under § 2(a), "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

Generally, the provisions of § 2(a) apply automatically to every criminal offense. *United States v. Pino–Perez*, 870 F.2d 1230, 1233 (7th Cir.1989). In *Pino–Perez*,

---

[1]. The court notes its appreciation of the very capable arguments presented by both parties at oral argument.

this court revisited the question of aider and abettor liability and reaffirmed its position that there must be " 'an affirmative legislative policy' to create an exemption from the ordinary rules of accessorial liability." 870 F.2d at 1234, *citing United States v. Falletta*, 523 F.2d 1198, 1200 (5th Cir.1975).[2] In this case, we believe that the affirmative legislative policy placing the onus of workplace safety upon employers precludes finding that an employee may aid and abet his employer's criminal OSHA violation.

Although we have found no authority directly on point, the Third Circuit has considered whether the Occupational Safety and Health Review Commission may penalize employees who refuse to comply with OSHA regulations. It concluded that OSHA gives neither the Commission nor the Secretary of Labor the power to sanction employees. *Atlantic & Gulf Stevedores v. Occupational Safety & Health Review Comm'n*, 534 F.2d 541 (3d Cir. 1976). In *Atlantic*, the employers—stevedoring companies—argued they could not be charged with violating the OSHA regulation requiring longshoremen to wear hardhats because the longshoremen refused to wear them. The employers argued that attempts to enforce the regulation would result in walkouts or wildcat strikes. In fact, longshoremen in New York did strike over hardhats. *Id.* at 545. The employers asked the court to vacate the OSHA citations because the longshoremen's opposition would make compliance unachievable, and the danger of a strike would make it economically infeasible. *Id.* The Commission disagreed. It argued that because it had the power to issue "cease and desist orders against employees as well as employers, ... the economic infeasibility argument against the standard disappears from this case." *Id.* at 552.

The court observed that the Act requires employees to comply with all applicable occupational safety and health standards

and all rules, regulations, and orders issued pursuant to it. 29 U.S.C. § 654(b). The Commission argued that this requirement would be "meaningless" *id.* at 553, if it could not sanction employees for disregarding safety standards. The court disagreed—albeit "[w]ith considerable misgivings"—and held that

> Congress did not intend to confer on the Secretary [of Labor] or the Commission the power to sanction employees. Sections 2(b)(2) and 5(b) cannot be read apart from the detailed scheme of enforcement set out in ... the Act. It seems clear that this enforcement scheme is directed only against employers.... Section 17, 29 U.S.C. § 666, provides for the assessment of ... penalties only against employers. That the Act's use of the term "employer" is truly generic is made plain in § 3, the definitional section, where "employer" and "employee" are separately defined. We find no room for loose construction of the term of art.

*Atlantic*, 534 F.2d at 553 (citations omitted). The court relied in part upon the Senate report on the employee duty section, which explains: "The committee does not intend the employee-duty provided in section 5(b) [codified as § 654(b) ] to diminish in anyway the employer's compliance responsibilities or his responsibilities to assure compliance by his own employees. Final responsibility for compliance with the requirements of this act remains with the employer." *Id.* at 554, *quoting* S.REP. No. 91–1282, U.S.C.C.A.N. 1970, 5171, p. 5187. We agree with the Third Circuit's conclusion that sanctioning employees for OSHA violations is not part of the detailed scheme of enforcement Congress established in the statute.

One district court has considered whether a corporate officer could be liable for aiding and abetting his corporate employer's criminal violation of OSHA. *United States v. Pinkston–Hollar, Inc.*, 4 O.S.H. Cas. (BNA) 1697, 1699 (D.Kan. Aug. 16,

---

**2.** This court reaffirmed this position after careful consideration of the Second Circuit's decision in *United States v. Amen*, 831 F.2d 373 (2d Cir.1987). We disagreed with the Second Circuit's holding that aider and abettor liability is

contingent upon an inquiry in Congress's intent concerning such liability in creating the offense that the defendant aided and abetted. *See Pino-Perez*, 870 F.2d at 1234.

1976). The *Pinkston–Hollar* court stated that "responsible corporate officials who have the power to prevent or correction [sic] violations of the Occupational Safety and Health Act may be prosecuted in the same sense as they may be under the Federal Food, Drug, & Cosmetic Act of 1938." *Id., citing United States v. Park*, 421 U.S. 658, 95 S.Ct. 1903, 44 L.Ed.2d 489 (1975). Nevertheless, the court explained, it would still be necessary to find that the corporate official was an employer before applying the criminal sanctions of § 666(e).[3]

Based upon our examination of OSHA and its legislative history, we disagree with the conclusion that *any* corporate employee may be found liable for aiding and abetting an employer's violation of OSHA. A corporate officer or director acting as a corporation's agent could be sanctioned under § 666(e) as a principal, because, arguably an officer or director would be an employer. Of course, the corporation would also be responsible for its officer's actions. *See United States v. Dye Construction Co.*, 510 F.2d 78 (1st Cir.1975) (employer liable for agent's violation of OSHA). We hold that an employee who is not a corporate officer, and thus not an employer, cannot be sanctioned under § 666(e). This does not bar state law liability for an employee whose recklessness or criminal negligence causes the death of a co-worker. *See, e.g.,* Wis.Stat. §§ 940.02(1), 940.06 (1989–90). OSHA's stated purpose is to force employers to ensure that employees have safe working conditions. It is not to punish employees whose reckless or willful actions injure their co-workers. State law remains the appropriate means of sanctioning such conduct.

The government asserts that our interpretation of OSHA will deprive § 666(e) of its bite. Because only employers who are sole proprietorships or partnerships will be threatened with jail terms, it argues, the section's deterrent effect will be emasculated. Appellant's Brief at 14. We disagree. First, this problem does not seem terribly significant given the small number of criminal prosecutions brought under OSHA.[4] Second, incarceration is still a potential sanction for corporate officers. As the Supreme Court has held on numerous occasions, responsible corporate *officers* may be liable for a corporation's violation of a criminal law. *See, e.g., United States v. Park*, 421 U.S. 658, 95 S.Ct. 1903, 44 L.Ed.2d 489 (1975); *United States v. Dotterweich*, 370 U.S. 277, 64 S.Ct. 134, 88 L.Ed. 48 (1943). Third, if the inability to prosecute employees under § 666(e) hampers the government's efforts to enforce OSHA, the remedy for this difficulty lies with Congress, not with the courts. "If Congress desires to go further, it must speak more clearly than it has." *McNally v. United States*, 483 U.S. 350, 360, 107 S.Ct. 2875, 2882, 97 L.Ed.2d 292 (1987) (refusing to extend statutory language protecting money and property to include intangible rights).

We are persuaded by the Third Circuit's well-reasoned opinion in *Atlantic*, and by our own reading of OSHA and its legislative history: subjecting employees to aider and abettor liability is as inconsistent with the legislative purpose of OSHA as subjecting employees to direct sanction would be. Congress carefully defined the terms "employer" and "employee" in the statute. Within § 666, it distinguished between liability for employers and for broader classes of individuals. For example, section (f) imposes liability upon "[a]ny person" who gives advance notice of an inspection, and section (g) imposes liability on "[w]hoever" makes false statements or representations. 29 U.S.C. §§ 666(f), (g). In contrast, sections (a)-(d) and (i) penalize "any employer." *Id.* "[W]here Congress includes particular language in one section of a statute but

---

**3.** We disagree with the district court's statement that whether an individual is an employer under OSHA is a question for the jury. *See Pinkston–Hollar*, 4 O.S.H.Cas. (BNA) at 1697. We believe this determination is one for the court. *See, e.g., Brock v. Chicago Zoological Soc'y*, 820 F.2d 909 (7th Cir.1987); *Bloomfield Mechanical Contracting, Inc. v. Occupational Safety & Health Review Comm'n*, 519 F.2d 1257 (3d Cir. 1975).

**4.** *See* Joseph Sheahan, *The Employer's Criminal Liability Under OSHA*, 15 Crim.L.Bull. 322, 323 (1979).

omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States,* 464 U.S. 16, 23, 104 S.Ct. 296, 300, 78 L.Ed.2d 17 (1983), *quoting United States v. Wong Kim Bo,* 472 F.2d 720, 722 (5th Cir.1972).

Thus, *Russello* requires this court to presume that Congress intended to subject only employers to criminal liability under 29 U.S.C. § 666(e). We note that our decision is consistent with cases that hold only employers liable for the acts of their employees. *See United States v. Dye Construction Co.,* 510 F.2d 78 (10th Cir.1975) (employer criminally liable for employees' willful violation of OSHA); *F.X. Messina Construction Corp. v. Occupational Safety & Health Review Comm'n,* 505 F.2d 701 (1st Cir.1974) (employer liable for foreman's willful disregard of OSHA regulation).

> The Act and its regulations place the burden of compliance squarely on the employer: "Each *employer* ... shall comply with occupational safety and health standards promulgated under this chapter," 29 U.S.C. § 654(a)(2) (emphasis added).... [T]he duty to provide the protection remains the employer's, and its agent's failure to comply with a standard constitutes a violation by the employer.

*Brock v. City Oil Well Serv. Co.,* 795 F.2d 507, 511–12 (5th Cir.1986). For these reasons, we refuse to extend an employer's liability under § 666(e) to employee-agents who participate in OSHA violations.[5]

Our conclusion is bolstered by the particular facts in this case. The government asserts that Healy is criminally liable for the violations it allegedly committed through its agent, Doig. At the same time, it argues that Doig is criminally liable for aiding and abetting Healy's violation under 18 U.S.C. § 2(a). Thus, the government seeks to "double-count" Doig's actions. "Simply put, '[a]iding and abetting means to assist the perpetrator of the crime.'" *United States v. Horton,* 921 F.2d 540, 543 (4th Cir.1990). Under the government's theory, then, Doig would have had to assist himself in violating the relevant OSHA standards, because no other individual or natural person was indicted for the offense.[6] "[I]nherent in the evolution of the concept of accessory is the idea that the accessory and the principal are ordinarily different persons." *Id. See also Morgan v. United States,* 159 F.2d 85, 87 (10th Cir.1947). Thus, we agree with the district court's conclusion that it is logically inconsistent to hold a corporation criminally liable because of the acts of its agent, and, at the same time to hold the agent liable for aiding and abetting the corporation. *See United States v. S.A. Healy Co.,* No. 90–Cr–123 (E.D.Wisc. Jan. 17, 1990) at 3.[7]

---

5. Were Doig a corporate officer or director he might well come under the definition of "employer" and, therefore, be subject to liability as a principal, or in the appropriate circumstance, as an aider and abettor.

Because we find employee liability inconsistent with the statutory scheme established by OSHA, we shall not discuss the more general circumstances where it may be inferred that Congress intended "to protect a class of accomplices from being charged as aiders and abettors." *See United States v. Pino-Perez,* 870 F.2d 1230, 1234, (7th Cir.) (en banc), *cert. denied,* 493 U.S. 901, 110 S.Ct. 260, 107 L.Ed.2d 209 (1989) (citing *United States v. Southard,* 700 F.2d 1, 19–20 (1st Cir.1983), *cert. denied,* 464 U.S. 823, 104 S.Ct. 89, 78 L.Ed.2d 97 (1983)).

6. The government objects to the district court's assumption that Doig was the only actor whose conduct was to be imputed to the corporation for the purpose of imposing criminal liability.

Appellant's Brief at 6 n. 1. Because no one else was indicted or charged with violating OSHA, however, there is no basis for any other conclusion.

7. The Tenth Circuit's analysis in *United States v. Morris,* 612 F.2d 483 (10th Cir.1979), is also instructive on this point. In *Morris,* the defendants were charged with violating 18 U.S.C. § 1955 (1988). In order to violate § 1955, a person must participate in an illegal gambling business involving five or more people. Since the substantive offense requires the participation of at least five persons, "it necessarily follows that an aider and abettor could not be counted as one of the required five persons." *Id.* at 496. An analogous argument can be made in the instant case. In order for Doig to be an aider and abettor, Healy must have violated § 666(e). But Healy violated OSHA only through its employee-agent's, Doig's, actions. Just as a defendant could not count as both a

### III.

For the foregoing reasons, we hold that an employee may not be subjected to liability as an aider and abettor under 29 U.S.C. § 666(e) and 18 U.S.C. § 2. The judgment of the district court is

AFFIRMED.

---

principal and an aider and abettor in *Morris,*

Doig cannot be double-counted here.