**Elaine L. CHAO, Secretary of Labor, Petitioner,**

v.

**The BARBOSA GROUP, INC. d/b/a Executive Security, The Occupational Safety and Health Review Commission, Respondents.**

No. 07–1399–ag.

United States Court of Appeals, Second Circuit.

Oct. 21, 2008.

---

Edmund C. Baird, Attorney, U.S. Dept. of Labor; Jonathan L. Snare, Acting Solicitor of Labor; Joseph M. Woodward, Assoc. Solicitor Gen. for OSH; Nathaniel I. Spiller, Senior Counselor, OSH, for Petitioner.

Wystan M. Ackerman, Robinson & Cole LLP, for Respondent.

PRESENT: JOSÉ A. CABRANES, REENA RAGGI and JANE R. ROTH,[1] Circuit Judges.

## SUMMARY ORDER

Petitioner Elaine Chao, Secretary of Labor (Secretary), asserts the Occupational Safety and Health Review Commission (Commission) erred when it found The Barbosa Group, Inc. (Barbosa) committed a serious rather than a willful violation of the Occupational Safety and Health Administration's (OSHA's) bloodborne pathogen (BBP) standard. *See* 29

C.F.R. § 1910.1030(f)(3); *Secretary of Labor v. The Barbosa Group, Inc.*, 21 O.S.H. Cas. (BNA) 1865 (2007). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

In May 2002, after an inspection of Barbosa's Batavia, NY, facility, OSHA issued Barbosa two citations, one willful and one serious, each alleging two violations of the BBP standard. Following an evidentiary hearing, the Administrative Law Judge (ALJ) affirmed the four violations. Barbosa challenged the willful citations before the Commission, which reclassified as serious, rather than willful, the violation for failing to make no-cost, post-exposure medical evaluation or follow-up available. Because substantial evidence supports the Commission's decision, we now uphold its order.

This Court will "uphold an order of an administrative agency such as the Commission unless it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.'" *Chao v. Russell P. Le Frois Builder, Inc.*, 291 F.3d 219, 226 (2d Cir.2002) (quoting 5 U.S.C. § 706(2)(A)). The Commission's factual findings must be upheld if supported by "'substantial evidence on the record considered as a whole.'" *New York State Elec. & Gas Corp. v. Sec'y of Labor*, 88 F.3d 98, 104 (2d Cir.1996) (quoting 29 U.S.C. § 660(a)). In light of the record as a whole, the Commission's reclassification from willful to serious of the BBP violation related to post-exposure and follow-up treatment was supported by substantial evidence.

The administrative definition of willfulness is well-settled. Willful violations are

---

1. The Honorable Jane R. Roth, of the United States Court of Appeals for the Third Circuit, sitting by designation.

those "done either with an intentional disregard of, or plain indifference to, the statute." *A. Schonbek & Co., Inc. v. Donovan,* 646 F.2d 799, 800 (2d Cir.1981). More precisely, the Commission has determined that willful violations are characterized by an employer's "heightened awareness of the violative nature of its conduct or the conditions at its workplace." *Sec'y of Labor v. MJP Constr. Co., Inc.,* 19 O.S.H. Cas. (BNA) 1638, 1647 (2001). The Commission has also stated a "violation is not willful if the employer had a good faith belief that it was not in violation." *Sec'y of Labor v. Gen. Motors Corp.,* 14 O.S.H. Cas. (BNA) 2064, 2068–69 (1991); *see Am. Wrecking Corp. v. Sec'y of Labor,* 351 F.3d 1254, 1263 (D.C.Cir.2003).

Based on its factual findings, the Commission found Barbosa's partial compliance with OSHA's BBP standard fell within the "good faith" exception to the willfulness definition. The BBP standard requires that "[f]ollowing a report of an exposure incident, the employer shall make immediately available to the exposed employee a confidential medical evaluation and follow-up[.]" 29 C.F.R. § 1910.1030(f)(3). Post-exposure evaluation and follow-up must be "[m]ade available at no cost to the employee" and "at a reasonable time and place." *Id.* § 1910.1030(f)(1)(ii)(A)-(B). Barbosa paid for the initial post-exposure evaluation that its injured security personnel obtained at a local hospital. Moreover, the employees sought and received the required follow-up treatment pursuant to Barbosa's employer-provided health care coverage. Barbosa, however, did not pay the co-pays for the follow-up treatment and charged leave time to the employees who received treatment. Based on the specific facts of this case, the Commission found this failure to cover all of the costs of treatment, as required under the BBP standard, not indicative of an intentional or knowing disregard for OSHA's BBP standard and reclassified the violation as serious rather than willful.

Because of the high degree of deference we afford Commission decisions, we must deny the Secretary's petition for review. We do note, however, that a determination of whether a company has partially complied with the BBP standard is a question of fact. Whether a violation should be classified as serious or willful will depend on the specific circumstances of a company's actions. Having considered the record before the Commission in this case, we conclude its downgrade to serious of Barbosa's violation for failing to provide no-cost, follow-up treatment is supported by the facts.[2]

Accordingly, the petition for review is DENIED.

---

**2.** To the extent Barbosa raises other arguments in an effort to obtain additional relief, its failure to cross-appeal generally precludes us from considering them, and we see no reason here to depart from that general rule. *See generally Rangolan v. County of Nassau,* 370 F.3d 239, 254 (2d Cir.2004).