The **MOUNTAIN STATES TELEPHONE AND TELEGRAPH COMPANY**, Petitioner,

v.

**OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION and Ray Marshall, Secretary of Labor, Respondents.**

No. 78–1438.

United States Court of Appeals, Tenth Circuit.

Argued Sept. 14, 1979.

Decided June 23, 1980.

**156**

David R. Hansen, Denver, Colo., for petitioner.

Lorelei J. Borland, Atty., Washington, D. C. (Carin A. Clauss, Sol. of Labor, Benjamin W. Mintz, Associate Sol. for Occupational Safety and Health, Allen H. Feldman, Acting Counsel for Appellate Litigation, Dennis K. Kade, Asst. Counsel for Appellate Litigation, Washington, D. C., and Henry C. Mahlman, Associate Regional Sol., Denver, Colo., with her on the brief), U. S. Dept. of Labor, Washington, D. C., for respondents.

Before McWILLIAMS and LOGAN, Circuit Judges, and MILLER, Judge.*

LOGAN, Circuit Judge.

Mountain States Telephone and Telegraph Company seeks review of an order of the Occupational Safety and Health Review Commission, which found that Mountain States had committed a serious violation of a safety standard promulgated by the Secretary of Labor and assessed a $500 civil penalty. *See* 29 U.S.C. §§ 654(a)(2), 666(b), 666(j). Mountain States contends the order must be set aside because the Commission's findings and conclusions are "arbitrary, capricious, . . . or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A), and are not supported by substantial evidence in the record viewed as a whole. *See*

---

* Honorable Jack R. Miller, Judge of the United States Court of Customs and Patent Appeals, Washington, D. C., sitting by designation.

29 U.S.C. § 660(b). For the reasons expressed below, we hold the Commission acted arbitrarily in the circumstances of this case; we therefore do not treat the substantial evidence issue.

In April 1975 two Mountain States employees, Howard Halverson, an experienced subforeman, and Mark E. Trenary, a first year apprentice lineman, were dispatched to install new telephone wire on utility poles shared with an electric power company. During this operation an untied telephone line contacted an energized power line, which caused the electrocution and death of Halverson. Halverson was not wearing rubber gloves at the time, although rubber gloves were present in the employees' vehicle.

Because Halverson failed to wear rubber gloves while exposed to possible high voltage contact, Mountain States was cited by the Secretary of Labor for a serious violation [1] of 29 C.F.R. 1910.132(a).[2] *See* 29 U.S.C. § 666(j). After an evidentiary hearing, the administrative law judge vacated the citation because he found Mountain States did not know that Halverson was not wearing rubber gloves on this occasion and the totality of the record failed to establish that Mountain States should have known of the likelihood of the violation.

On appeal to the Commission the administrative law judge's decision was reversed and the citation reinstated. Mountain States Tel. & Tel. Co., [1978] Occup. Safety & Health Dec. (CCH) ¶ 22,668. The Commission stated the issue to be "whether a violation of safety standards committed by a supervisory employee can be imputed to [Mountain States]." It reasoned that ordinarily the knowledge and actions of such an employee are to be imputed to the employer, and that the employer could defend by showing that the violation was unpreventable and therefore unforeseeable. "The employer can establish this defense by showing that it had an effective safety program designed to prevent the violation, including adequate safety instructions effectively communicated to employees, means of discovering violations of these instructions and enforcement of safety rules when violations are discovered." Mountain States Tel. & Tel. Co., [1978] Occup. Safety & Health Dec. (CCH) ¶ 22,668, at 27,354. The Commission then held that Mountain States failed to show Halverson's violation of the standard was unpreventable because it did not show the enforcement of its safety program was adequate.[3]

Commission rule 73(a), 29 C.F.R. § 2200.73(a), provides that "[i]n all proceed-

---

1. A "serious" violation occurs if
   there is a substantial probability that death or serious physical harm could result from a condition which exists, or from one or more practices, means, methods, operations, or processes which have been adopted or are in use, in such place of employment *unless the employer did not, and could not with the exercise of reasonable diligence, know of the presence of the violation.*
   29 U.S.C. § 666(j) (emphasis added).

2. 29 C.F.R. § 1910.132(a) provides as follows:
   Protective equipment, including personal protective equipment for eyes, face, head, and extremities, protective clothing, respiratory devices, and protective shields and barriers, shall be provided, used, and maintained in a sanitary and reliable condition wherever it is necessary by reason of hazards of processes or environment, chemical hazards, radiological hazards, or mechanical irritants encountered in a manner capable of causing injury or impairment in the function of any part of the body through absorption, inhalation or physical contact.

Mountain States acknowledges that company safety rules required Halverson to wear the gloves and he had been instructed to wear them when the assignment was made. The record shows that Trenary also was not wearing gloves when Halverson was electrocuted, but no separate citation was issued concerning Trenary's conduct.

3. A showing by the employer that it has an adequate and effectively enforced safety program, gives rise to the inference that the employer's reliance on employees to comply with applicable safety rules is justifiable; violations then are not foreseeable or preventable. On the other hand, common sense and experience suggest that an employer who has not implemented an effective safety program should know employees are likely to violate rules designed to guard against foreseeable risks attendant to that employer's business. *See Danco Const. Co. v. OSHRC*, 586 F.2d 1243 (8th Cir. 1978).

ings commenced by the filing of a notice of contest, the burden of proof shall rest with the Secretary." Reasonably construed, this rule requires the Secretary to prove the elements of a violation. *See Brennan v. OSHRC*, 511 F.2d 1139 (9th Cir. 1975). The question we decide here is whether the Commission erred when it placed upon Mountain States the burden of proving the violation was unpreventable. The Fourth Circuit, in reviewing a Commission decision involving circumstances similar to those here, held the Commission may not place the burden on the employer. *Ocean Elec. Corp. v. Secretary of Labor*, 594 F.2d 396 (4th Cir. 1979). *See also Horne Plumbing & Heating Co. v. OSHRC*, 528 F.2d 564 (5th Cir. 1976); *Brennan v. OSHRC*, 511 F.2d 1139 (9th Cir. 1975). *But see Danco Const. Co. v. OSHRC*, 586 F.2d 1243, 1247 n. 6 (8th Cir. 1978). We agree with the result reached by the Fourth Circuit.

The Commission has consistently held that to establish a serious violation the Secretary must prove the employer knew or should have known of the likelihood of the noncomplying condition or conduct. *E. g.*, Harvey Workover, Inc., [1979] Occup. Safety & Health Dec. (CCH) ¶ 23,830. *Accord, Brennan v. OSHRC*, 511 F.2d 1139 (9th Cir. 1975). Here, however, the Commission seems to have determined that the Secretary's burden of showing the employer's knowledge was met by proof that Halverson had some supervisory responsibilities and that Halverson knew his own failure to wear rubber gloves was a violation. The premise is that because a corporate employer acts and acquires knowledge through its agents, ordinarily the actions and knowledge of its supervisory employees are imputed to the employer.

When a corporate employer entrusts to a supervisory employee its duty to assure employee compliance with safety standards, it is reasonable to charge the employer with the supervisor's knowledge—actual or constructive—of noncomplying conduct of a subordinate. Upon a showing of the supervisor's knowledge, it is not unreasonable to require the employer to defend by showing the failure to prevent violations by subordinates was unforeseeable. But when the noncomplying behavior is the supervisor's own a different situation is presented. Halverson knew he personally violated the safety standards, of course; if we impute that knowledge to the employer—and declare that now the employer must show the noncomplying conduct was unforeseeable—we are shifting the burden of proof to the employer. All the Secretary would have to show is the violation; the employer then would carry the burden of nonpersuasion.

The same flaw is present in the Secretary's argument that, even if it bears the burden of showing the violation was foreseeable, it need only present a prima facie case, after which the burden shifts to the employer to prove unpreventability. *See Danco Const. Co. v. OSHRC*, 586 F.2d 1243, 1247 n. 6 (8th Cir. 1978); *Brennan v. OSHRC*, 511 F.2d 1139, 1143 (9th Cir. 1975). In the present context the prima facie case would be made by showing the supervisor's violation and imputing that knowledge, because he is a supervisor, to the employer. To interpret the rule as the Secretary requests would be to leave the Secretary only the initial burden of making out its case on a critical element and to impose on Mountain States the ultimate risk of nonpersuasion in violation of the Commission's own procedural rule 73(a).

The Commission's failure to abide by its rule is arbitrary conduct and therefore its decision must be set aside. *See* 5 U.S.C. § 706(2)(A). Because the Commission made its findings in light of the burden of proof erroneously allocated to Mountain States, the decision is remanded for reconsideration.

Reversed and remanded for proceedings consistent herewith.