**TRI–STATE ROOFING & SHEET METAL, INC., Petitioner,**

v.

**OCCUPATIONAL SAFETY & HEALTH REVIEW COMMISSION, et al., Respondents.**

No. 81–1778.

United States Court of Appeals, Fourth Circuit.

Argued April 2, 1982.

Decided June 21, 1982.

Ira J. Smotherman, Jr., Atlanta, Ga. (Stokes & Shapiro, Atlanta, Ga., on brief), for petitioner.

Domenique Kirchner, U. S. Dept. of Labor, Washington, D. C. (T. Timothy Ryan, Jr., Sol. of Labor, Frank A. White, Associate Sol. for Occupational Safety and Health, Washington, D. C., Marshall H. Harris, Regional Sol., Philadelphia, Pa., on brief), for respondents.

Before PHILLIPS and ERVIN, Circuit Judges, and KISER,* District Judge.

PER CURIAM:

This case comes before the Court pursuant to § 11(a) of the Occupational Safety and Health Act of 1970 (29 U.S.C. §§ 651 *et seq.*) (the Act) on petition of Tri-State Roofing & Sheet Metal, Inc. (Tri-State) to review the final order of the Occupational Safety & Health Review Commission (Commission) issued on July 1, 1981. Tri-State, engaged as a contractor doing roofing repairs, erected a material catch platform between two permanent catwalks. The platform was 44 feet above a concrete floor. In building the platform, lumber cross beams were rested upon steel handrails of the catwalks, but these beams were not secured to

---

* The Honorable Jackson L. Kiser, United States District Judge for the Western District of Virginia, sitting by designation.

the handrails in any manner. Sheets of plywood were placed on top of the beams to create a platform. Tri-State employees would climb out onto a newly placed plywood sheet and nail it to the cross beams. After a row of sheets was nailed to the beams, the process was repeated until the entire platform surface was covered. While applying the plywood base, workers were exposed to the completely unguarded edge of the platform being constructed. The cross beams were not secured and could move, potentially resulting in an employee falling from the platform and incurring death or serious bodily harm. Yet Tri-State took no precautions to assure that employees would be protected from a falling hazard.

The Administrative Law Judge upheld the Secretary of Labor's citation of Tri-State for serious violations of 29 U.S.C. § 654(a)(2) and 29 CFR 1926.28(A) for exposing its employees to a potentially deadly fall during the erection of a material catch platform.

■ The regulations require that employees use appropriate personal protective equipment where there is either exposure to hazardous conditions or where other regulations under 29 CFR Part 1926 indicate the need for such equipment. See 29 CFR 1926.28(A). Either actual or constructive knowledge of a hazard in the workplace for which personal protective equipment should be used is sufficient to put an employer on notice as to his responsibilities under the standards. To uphold a standard against a due process challenge, it is necessary to satisfy a "reasonably prudent person" test that has been judicially implied into the

regulations. *Bristol Steel & Iron Works, Inc. v. OSHRC*, 601 F.2d 717, 722 (4th Cir. 1979). The main inquiry is whether a reasonably prudent individual familiar with the circumstances of the industry would have protected against the hazard. *Id.* at 723. Industry custom and practice may be taken into account but are not controlling in determining hazard recognition. *Id.*[1] The burden is on the Secretary to establish by substantial evidence that a reasonably prudent employer familiar with the roofing industry would have protected against the hazard of falling by means specified in the citation. *Id.* at 723–24.

■ The Commission's findings are completely supported by the record. The Compliance Officer made a professional inspection and ascertained that a lethal hazard existed due to the potential accidental movement of the cross boards as well as to the possibility that a worker might simply lose his balance and fall off the unguarded platform. Both a foreman and a laborer for Tri-State corroborated the Compliance Officer's testimony that employees were exposed to the unprotected edge of the platform when they constructed it. The *Bristol Steel* test was met in that the Administrative Law Judge had a basis to find that the fall hazard was apparent to persons familiar with the industry. Furthermore, the work situation was patently dangerous since the laborers were working without protective equipment on an unguarded platform in excess of 40 feet above a concrete floor. Where a hazard is obvious and glaring, the Commission may determine that the hazard is recognized for purposes of the general duty clause, 29 U.S.C. § 654(a)(1),

---

1. The Fourth Circuit has declined to follow the approach set forth in *B & B Insulation, Inc. v. OSHRC*, 583 F.2d 1364 (5th Cir. 1978) of limiting the reasonable man test to the custom and practice of the industry. While in most situations the reference to industry custom and practice will establish the standard of conduct, there may be instances where industry practice fails to take reasonable precautions against hazards generally known in the industry. In such event, it is not unfair to hold the employer

to the reasonable man test that permits a standard higher than that of actual industry practice. *Bristol Steel and Iron Works, Inc. v. OSHRC*, 601 F.2d 717 (4th Cir. 1979). However, in the case at hand, it is not necessary to decide whether the test announced in *B & B Insulation* or the *Bristol Steel* standard will prevail because substantial evidence establishes that under either approach the prudent person would have recognized the existence of the obvious fall hazard.

without reference to industry practice or safety expert testimony. *Cape & Vineyard Div. v. OSHRC*, 512 F.2d 1148, 1153 (1st Cir. 1975). In the *Bristol Steel* case, 601 F.2d at 723, where employees were working 19 feet above ground, it was determined that a fall hazard was so obvious that there was no need for the Secretary to establish a hazard recognized by the industry.

The role of an Administrative Law Judge is to resolve conflicts in the evidence. The Administrative Law Judge was not required to accept as controlling opinions of Tri-State employees that the platform was safe. The particular views of workmen are not necessarily, and often times are not, the best determination as to what is safe and what is unsafe. Convenience rather than safety considerations often dictates a worker's perspective. The Administrative Law Judge was not compelled to credit an employee's testimony and give it any great weight, especially in light of the contrary testimony of the Compliance Officer. See *U. S. Steel v. OSHRC*, 537 F.2d 780, 783 (3rd Cir. 1976).

The OSHA provides the controlling standard for judicial review of the Commission's factual determinations. Such findings are conclusive "if supported by substantial evidence on the record considered as a whole." 29 U.S.C. § 660(a). We conclude that there was such evidence to support the Commission's findings.

Accordingly, the decision and order of the Occupational Safety and Health Review Commission are AFFIRMED.