CCI, INC., Petitioner,

v.

OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION and Raymond J. Donovan, Secretary of Labor, Respondents.

No. 81–1218.

United States Court of Appeals, Tenth Circuit.

Sept. 7, 1982.

Robert W. Harris and Robert H. Jacobvitz of Poole, Tinnin & Martin, Albuquerque, N. M., for petitioner.

T. Timothy Ryan, Jr., Sol. of Labor, Benjamin W. Mintz, Associate Sol. for Occupa-

tional Safety and Health, Allen H. Feldman, Counsel for Appellate Litigation, Dennis K. Kade, Associate Counsel for Appellate Litigation, Charles I. Hadden, Asst. Counsel for Appellate Litigation, Andrea C. Casson, Atty., of U. S. Dept. of Labor, Washington, D. C., for respondents.

Before SETH, Chief Judge, LOGAN and SEYMOUR, Circuit Judges.

### Opinion on Rehearing

SEYMOUR, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

CCI, Inc. (CCI) seeks review of a final order entered by the Occupational Safety and Health Review Commission (Commission) holding the company in violation of a federally promulgated safe workplace regulation. CCI maintains that the Commission's decision is not supported by substantial evidence. We disagree.

### I.

CCI dug several sewer pipe trenches in Alamogordo, New Mexico during the mid-1970's. A Department of Labor compliance officer inspected the in-progress excavations in early 1976, and cited CCI for failing to slope or shore its trenches to prevent cave-ins as required by a regulation issued pursuant to the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 *et seq.* (OSHA). *See* 29 C.F.R. § 1926.652(c) (1980). CCI contested this citation and claimed its work was exempted from the regulation because the composition of the trench walls at issue posed no cave-in danger.

Hearings on the citation were initially had before an Administrative Law Judge (ALJ) appointed by the Commission. The ALJ concluded that it was impossible to determine from the evidence whether CCI's trenches were composed of material requir-

ing sloping or shoring under the regulation. Because the Secretary of Labor was charged with the burden of proof on that issue, the ALJ held that no infraction was proven and vacated the citation.

The Secretary of Labor petitioned the Commission for review of the ALJ's decision. The Commission ultimately reversed the ALJ on grounds that the Secretary had met his burden of establishing a violation of the trenching regulation. This appeal ensued.

### II.

Two principles germane to administrative resolution of OSHA infractions limit the scope of appellate inquiry into this case. First, this Court must affirm a Commission determination supported by substantial evidence even though we might reach a contrary result in a proceeding *de novo. A. Schonbek & Co. v. Donovan,* 646 F.2d 799, 800 (2d Cir. 1981). Second, although we must consider the whole record in determining whether the Commission's decision is supported by substantial evidence, *see Universal Camera Corp. v. N. L. R. B.,* 340 U.S. 474, 490, 71 S.Ct. 456, 465, 95 L.Ed. 456 (1951), the ALJ's findings are not binding at the commission or appellate court levels. *See Pratt & Whitney Aircraft v. Secretary of Labor,* 649 F.2d 96, 105 (2d Cir. 1981); *Accu-Namics, Inc. v. Occupational Safety and Health Review Commission,* 515 F.2d 828, 834 (5th Cir. 1975). "While the commission or board—or an administrator—may defer to the findings of a hearing officer, that is not compelled." *United States v. Raddatz,* 447 U.S. 667, 680, 100 S.Ct. 2406, 2414, 65 L.Ed.2d 424 (1980).

### III.

The Commission's decision here turned on its view of evidence relevant to the composition of CCI's trench walls. This evidence was crucial because sloping or shoring is mandated by OSHA regulations in excavations consisting of "unstable or soft" or "hard or compact" soil. *See* 29 C.F.R. § 1926.652(b), (c). Regulation guidelines *expressly* exempt from OSHA

sloping or shoring requirements only those trenches in "solid rock, shale, or cemented sand and gravels," 29 C.F.R. § 1926.652, table P–1, or in "solid rock, hard shale, or hard slag." *Id.*, table P–2. The guidelines additionally state that trenches in *nonhomogenous soils* must be supported. *Id.*, table P–1 (emphasis added). This latter proviso suggests that a multi-material excavation is to be judged by its weakest significant component for purposes of OSHA trenching regulations. *See W. N. Couch Construction Co.*, 1975–76 OSHD (CCH) ¶ 20,574 (April 2, 1976). The Commission held the evidence in this case established that CCI's trench walls contained nonhomogenous hard and compact soil requiring either sloping or shoring under 29 C.F.R. § 1926.652(c) (1980).

Substantial evidence supports the Commission's findings. The Secretary of Labor's expert and lay witnesses uniformly testified that the trench walls were composed of nonhomogenous hard and compact soil, *viz.*, layers of sand, clay, silt, and caliche. The only CCI witness familiar with the actual excavations conceded that they consisted of nonhomogenous earth and were not exclusively solid rock, shale, or cemented sand or gravel. CCI's expert's testimony was accurately characterized by the Commission as at best proving "that the trench material was, in some part, cemented sand." Rec., vol. III, at 165–66. The CCI expert conceded on cross examination that there was some "likelihood" the trench wall could collapse, rec., vol. II, at 185, and that nonhomogenous earth is only as strong as its weakest soil component. Based on this evidence, the Commission concluded that CCI's trenches consisted primarily of hard or compact soil and that the absence of sloping or shoring violated the regulations. In view of the substantial evidence supporting this finding, we need not address CCI's argument that excavations in earth of hardness comparable to solid rock, shale, or cemented sand or gravel are exempt from OSHA trench support requirements. When a significant part of trench wall material is hard or compact soil, the excavation must be supported in accordance with 29 C.F.R. § 1926.652(c), even though some portion of the wall is solid rock or a like material. *See W. N. Couch*, 1975–76 OSHD (CCH) ¶ 20,574.

■ The assertion that the Commission erroneously imposed the burden of disproving an alleged OSHA infraction on CCI does not warrant a reversal of this case. The Commission characterized the burden of proof as follows:

"To establish a prima facie showing of noncompliance with section 1926.652(c) the *Secretary must show that . . . a significant portion of the trench wall is composed of hard or compact soil.* A respondent may then rebut this prima facie case by proving that its trench was dug entirely in solid rock, shale, or cemented sand or gravel, which are not required to be shored or sloped."

Rec., vol. III, at 164 (emphasis added). Although this language is somewhat peculiar, it does in fact initially require the Secretary to demonstrate that the excavation is not in solid rock or similar material. This is so because "hard or compact soil" and "solid rock," etc. are mutually exclusive categories under OSHA trenching regulations. *See, e.g., Heath & Stich, Inc.*, 1980 OSHD (CCH) ¶ 24,580 (June 27, 1980). The Commission's subsequent reference to the respondent's obligation to show its trenches consist of solid rock or a like substance merely underscores the traditional obligation of a cited party to controvert the Secretary's evidence.

We have carefully considered the other arguments raised by this appeal and find them without merit.

Judgment affirmed.