**DEPARTMENT OF LABOR, Petitioner,**

v.

**OCCUPATIONAL SAFETY & HEALTH REVIEW COMMISSION, Respondent,**

**Goltra Castings, Inc., Real Party in Interest.**

No. 90–9517.

United States Court of Appeals, Tenth Circuit.

July 11, 1991.

Robert P. Davis, Sol. of Labor, Cynthia L. Attwood, Associate Sol. for Occupational Safety and Health, Barbara Werthmann, Appellate Litigation, Charles F. James, Atty., U.S. Dept. of Labor, Washington, D.C., for petitioner.

Victor F. Boog, Bradley, Campbell, Carney & Madsen, Golden, Colo., for respondent and real party in interest.

Before ANDERSON, BARRETT and BRORBY, Circuit Judges.

BARRETT, Senior Circuit Judge.

Petitioner seeks review of an administrative law judge's (ALJ) decision vacating a citation petitioner issued to Goltra Castings, Inc. (Goltra), asserting a violation of 29 C.F.R. § 1910.133(a)(1) in the operation of Goltra's steel foundry for failure to require its employees to wear face shields when pouring molten metal.[1] The ALJ's decision became the final order of the Occupational Safety and Health Review Commission (Commission) when the Commission declined to review the ALJ's determination.

■ Section 1910.133(a)(1) requires that "[p]rotective eye and face equipment shall be required where there is a reasonable probability of injury that can be prevented by such equipment." In order to establish a violation of section 1910.133(a)(1) which satisfies due process, petitioner bore the burden, *see Mountain States Telephone & Telegraph Co. v. Occupational Safety & Health Review Commission*, 623 F.2d 155, 157–58 (10th Cir.1980) (addressing citation issued under 29 C.F.R. § 1910.132(a)), of establishing that Goltra had either actual or constructive knowledge of "a reasonable probability of injury that can be prevented" by use of face shields. *See, e.g., Donovan v. General Motors Corp.*, 764 F.2d 32, 35 (1st Cir.1985) (addressing citation issued under section 1910.132(a)).[2]

■ The question of whether Goltra had actual or constructive knowledge of the probability of injury is a factual deter-

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this petition for review. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. The analysis of violations asserted under 29 C.F.R. § 1910.132 is analogous to the applica-tion of section 1910.133, *see Philadelphia, Bethlehem & New England Railroad*, 11 OSH Cas. (BNA) 1345, 1347 (1983), as well as 29 C.F.R. § 1926.28(a), *see, e.g., Corbesco, Inc. v. Dole*, 926 F.2d 422, 426 n. 3 (5th Cir.1991) and 29 U.S.C. § 654(a)(1), *see, e.g., Cape & Vineyard Division of New Bedford Gas v. Occupational Safety & Health Review Commission*, 512 F.2d 1148, 1152 and n. 5 (1st Cir.1975).

mination. *See General Motors,* 764 F.2d at 35. The Commission's findings of fact, if supported by substantial evidence on the record considered as a whole, will be conclusive. 29 U.S.C. § 660(a). This court, therefore, will set aside the ALJ's decision only if it is unsupported by substantial evidence or is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A), (E); *see Wilder v. Prokop,* 846 F.2d 613, 619 (10th Cir.1988).

Petitioner asserts that it established Goltra's actual knowledge of the probability of injury in light of a previous citation petitioner issued Goltra under section 1910.-132(a) for failure to require its employees to wear protective equipment, including face shields. The Commission vacated this citation pursuant to a settlement agreement between petitioner and Goltra.

Settlement of a citation, like an uncontested citation, does not necessarily establish actual knowledge of the probability of injury. *See S & H Riggers & Erectors, Inc. v. Occupational Safety & Health Review Comm'n,* 659 F.2d 1273, 1284–85 (5th Cir.1981) (uncontested citation issued under section 1926.28(a)). Rather, a previous, uncontested citation establishes only that petitioner believes that a probability of injury exists. *Id.*

Further, substantial evidence established that, in over twenty years of operation, none of Goltra's employees had suffered the type of injury which would have been prevented by the use of face shields. Although the goal of the Occupational Health and Safety Act is to prevent the first injury, "a very low injury rate has a definite bearing on the question whether an employer has notice that personal protective equipment is necessary...." *Owens–Corning Fiberglass Corp. v. Donovan,* 659 F.2d 1285, 1290 (5th Cir.1981) (citations omitted) (section 1910.132(a)); *see also Cotter & Co. v. Occupational Safety & Health Review Comm'n,* 598 F.2d 911, 914–15 (5th Cir.1979) (section 1910.132(a)). The record thus supported the ALJ's determination that Goltra did not have actual knowledge of the probability of injury

which would warrant requiring its employees to wear face shields.

■ Where there is insufficient evidence to establish the employer's actual knowledge of the probability of injury, *see General Motors,* 764 F.2d at 36–37; *Cape & Vineyard,* 512 F.2d at 1152, "it is appropriate to apply the reasonable person test in assessing compliance with" section 1910.-133(a)(1). *Philadelphia, Bethlehem,* 11 OSH Cas. at 1347. Application of the reasonable person test to determine an employer's constructive knowledge ensures that this broad regulation satisfies due process by being "sufficiently clear to give persons of ordinary intelligence a reasonable opportunity to know what is prohibited or demanded so that they may act accordingly." *Lukens Steel Co.,* 10 OSH Cas. (BNA) 1115, 1123 (1981).

The ALJ determined that petitioner failed to establish "that there was a reasonable probability of facial injury which might be avoided by the use of face shields." Petitioner first argues that, in making this determination, the ALJ applied the wrong legal standard by focusing on the probability of injury rather than applying the reasonable person test. Petitioner contends that application of the probability of injury standard rather than the reasonable person test was arbitrary and capricious and not in accordance with law, both because the ALJ disregarded binding Commission precedent established in *Philadelphia, Bethlehem,* 11 OSH Cas. 1345, and because the ALJ failed to give appropriate deference to petitioner's interpretation of its own regulation.

The clear language of the regulation, however, requires the ALJ to determine whether there is a "reasonable probability of injury." 29 C.F.R. § 1910.133(a)(1). The Commission, in *Philadelphia, Bethlehem,* did not replace this determination, but rather restricted its application to those situations where a reasonable person would deem there to be "a reasonable probability of injury." 11 OSH Cas. at 1347; *cf. Lukens Steel,* 10 OSH Cas. at 1123 (limiting scope of section 1910.132(a) by applying objective reasonable person standard).

Further, although an agency's reasonable interpretation of its own regulations is entitled to deference, *see Dole v. Occupational Safety & Health Review Commission*, 891 F.2d 1495, 1496–97 (10th Cir.1989), *rev'd on other grounds*, ⸺ U.S. ⸺, 111 S.Ct. 1171, 113 L.Ed.2d 117 (1991), petitioner's interpretation asserted here, that the reasonable person standard replaced consideration of whether the probability of injury existed, is not reasonable in light of the express language of section 1910.133(a)(1).

The issue presented, then, in determining whether Goltra had constructive knowledge of circumstances requiring its employees to use face shields, is whether a reasonable person familiar with the circumstances surrounding the allegedly hazardous conditions at Goltra's foundry, including facts unique to that particular industry, would recognize a reasonable probability of injury that could be prevented by use of face shields. *See Philadelphia, Bethlehem*, 11 OSH Cas. at 1346–47. The ALJ, therefore, did not err in addressing Goltra's purported violation of section 1910.133(a)(1) by determining whether there existed a "reasonable probability of injury that can be prevented by" use of face shields. Further, although the ALJ did not explicitly refer to the reasonable person standard in making this determination, there is no indication that the ALJ did otherwise, particularly in light of the ALJ's application of that same standard to the second citation before him.[3]

Petitioner next asserts that it presented sufficient evidence to meet its burden, under the reasonable person standard, of establishing a violation of section 1910.133(a)(1), relying on its evidence of industry practice and custom.[4] Petitioner's expert testified that face shields are "widely used throughout the molten metal industry, and it's generally accepted by knowledgeable people that when you're pouring molten metal you should protect your face with a face shield." Transcript, Hearing before ALJ, 102–03. Although petitioner's expert testified that Goltra's operation was fairly typical of the molten metal industry, tr. at 81–82, he admitted that he had never before observed a foundry operation which relies on hand pouring occurring below the waist, as Goltra's operation does, tr. at 122. Further, petitioner's expert stated that he was unfamiliar with operations in the die cast industry, a related molten metal industry whose practice, Goltra asserted, was not to have employees wear face shields. Tr. 136–39; *see generally Hamilton Die Cast Inc.*, 13 OSH Cas. (BNA) 1317, 1318 (1987). Petitioner's expert could not testify if, and in what manner, Goltra's operation was similar to or distinct from operations employed by the die cast industry. Tr. at 138.

Goltra presented evidence, through the testimony of several of its employees, that its operation was the only hand pouring steel foundry in the nation, tr. at 209, and that hand pouring was distinguishable from operations generally employed by the molten metal industry, upon which petitioner's expert had based his testimony. *See* tr. at 181–83, 208–11, 224, 231–33. These employees further testified that use of face shields while hand pouring molten metal created additional hazards to workers. Tr. at 154–55, 172–75, 182–83, 192–93, 199, 219–21. Further, none of the employees had experienced facial burns during Goltra's pouring process, nor were these em-

3. The hearing before the ALJ involved two citations which petitioner issued to Goltra. In addition to the citation at issue in this petition for review, petitioner cited Goltra for violating 29 C.F.R. § 1910.132(a) by failing to require its employees to wear protective clothing. The ALJ upheld the section 1910.132(a) citation. That citation is not currently before this court.

4. While the Fifth Circuit has equated the reasonable person standard to industry custom and practice, *see, e.g., S & H Riggers*, 659 F.2d at 1278–81 (section 1926.28(a)), other circuits have determined that, while ordinarily application of the reasonable person test will refer to industry practice and custom, industry standards will not necessarily be dispositive. *See, e.g., Voegele Co. v. Occupational Safety & Health Review Comm'n*, 625 F.2d 1075, 1078 (3d Cir.1980) (section 1926.28(a)); *Bristol Steel & Iron Works, Inc. v. Occupational Safety & Health Review Comm'n*, 601 F.2d 717, 722–23 (4th Cir.1979) (section 1926.28(a)). It is unnecessary to the resolution of this petition for review, however, for this court to determine whether industry standards will be conclusive under the reasonable person standard.

ployees aware of any such incidents involving other employees. Tr. at 151, 181, 197, 217; *see General Motors,* 764 F.2d at 37 (considering evidence establishing low incidence of injury in determining, under section 1910.132(a), whether reasonable person would recognize hazard warranting use of protective equipment). Goltra's records, which concerned the two years prior to issuance of this citation, corroborated the lack of facial injuries. Rec. Vol. I, exh. C–16.

Petitioner argues that the ALJ erred by crediting the testimony of Goltra's employees, who did not testify as experts, over the testimony of petitioner's expert, whose testimony the ALJ credited in affirming the protective clothing citation issued under section 1910.132(a). Testimony concerning general industry practices is not entitled to great weight, however, where the situation at issue differs, or is in some way unique, from the operations generally employed by that industry. *See General Motors,* 764 F.2d at 37; *Voegele,* 625 F.2d at 1079; *cf. Magma Copper Co. v. Marshall,* 608 F.2d 373, 375–76 (9th Cir.1979) (in distinguishing permanent oxygen supply systems used in smelting or refining industries from portable oxygen supply systems used in hospitals and welding work, court determined conduct at issue must be judged by standards of relevant industry). Because Goltra presented sufficient evidence to distinguish, where use of face shields was concerned, hand pouring operations from other operations employed in the molten metal industry generally, the ALJ did not err in crediting the testimony of Goltra's employees over that of petitioner's expert. *See General Motors,* 764 F.2d at 37 (where Secretary's expert testified concerning the practices employed by general warehousing industry, no error to accord greater weight to testimony of alleged violator's employees, who were only witnesses familiar with operations particular to warehousing of automotive parts).

Review of the record indicates that petitioner failed to meet its burden of establishing that Goltra had either actual or constructive knowledge of the probability of injury which could be prevented by re-

quiring its employees to wear face shields. The decision of the Occupational Safety and Health Review Commission, therefore, is AFFIRMED.