**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 7 2004**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SAFEWAY, INC.,

      Petitioner,

v.

OCCUPATIONAL SAFETY &
HEALTH REVIEW COMMISSION,

      Respondent.

No. 03-9546

---

**Petition for Review of a Final Order
of the Occupational Safety and Health
Review Commission
(OSHRC No. 99-0316)**

---

James J. Gonzales, Holland & Hart, LLP, Denver, Colorado, for Petitioner.

Ronald Gottlieb, Attorney, Office of the Solicitor, U.S. Department of Labor
(Howard M. Radzely, Acting Solicitor of Labor, Joseph M. Woodward, Associate
Solicitor for Occupational Safety and Health, Ann Rosenthal, Counsel for
Appellate Litigation, with him on the brief), Washington, D.C., for Respondent.

---

Before **MURPHY, McKAY,** and **TYMKOVICH,** Circuit Judges.

---

**MURPHY**, Circuit Judge.

## I.    INTRODUCTION

After an accident involving a propane grill occurred at the petitioner's bread-baking plant, the Secretary of Labor conducted an inspection and issued a citation for a violation of the general duty clause of the Occupational Safety and Health Act of 1970 ("the Act"), 29 U.S.C. § 654(a)(1).  The citation was later amended to allege, alternatively, a violation of 29 C.F.R. § 1910.101(b).  Petitioner, Safeway, Inc., ("Safeway") contested the citation.  After a hearing, the Administrative Law Judge ("ALJ") affirmed the violation of the general duty clause and Safeway filed a petition for discretionary review by the Occupational Safety and Health Review Commission ("the Commission").  The Commission granted review.  When the two sitting Commissioners decided they could not agree on the appropriate resolution of the case, they vacated the decision to grant review and the ALJ's order became the final order of the Commission.[1]  Safeway filed a petition for review in this court.  We have jurisdiction under 29 U.S.C. § 660(a) and **affirm** the ALJ's decision.

---

[1] Under 29 U.S.C. § 661(j) the order of the ALJ becomes the final order of the Commission unless within 30 days of the order any member of the Commission has directed review.  Accordingly, upon the vacatur of the Commission's grant of discretionary review the ALJ's decision became a final appealable order.

## II. BACKGROUND

Safeway operates a bread-baking facility in Denver, Colorado. Safeway periodically holds company-sponsored outdoor barbecues for its employees. Safeway purchased a gas grill equipped with a twenty-pound propane tank for the barbecues. To ensure that the grill had sufficient gas for the barbecues, Safeway purchased a forty-pound tank. These larger tanks have a warning label which states they should not be used with a grill ordinarily equipped with a twenty-pound tank.

Safeway planned to hold an employee barbecue for July 17, 1998. The plant superintendent, Edward Boone, instructed the plant engineer, Jerry Lewis, to set up the grill for the barbecue. Upon being informed the grill was not adequately cooking the meat, the plant manager, Jim R. Kirk, again summoned Lewis. Lewis and the day-shift maintenance foreman, Fred Lake, attempted to improve the flow of gas to the grill by checking the regulator and repositioning the tank. While Lewis and Lake were working on the grill, fuel escaped and a "ball of fire" erupted. Lewis suffered severe burns to his hand and Lake's facial hair was singed.

After the accident, the Occupational Health and Safety Administration ("OSHA") investigated the accident and issued a citation. The citation alleged that Safeway had violated the general duty clause by exposing employees to "the release and ensuing fire of propane due to the improper use of a gas hose and

regulator assembly in combination with a 40 pound cylinder." OSHA later amended the citation to include the alternative allegation that Safeway had violated 29 C.F.R. § 1910.101(b) which requires a compressed gas cylinder to be "properly supported to prevent it from being knocked over." 29 C.F.R. § 1910.101(b) (incorporating provision of the Compressed Gas Association Pamphlet P-1-1965).

After holding a hearing, the ALJ determined that § 1910.101(b) was not applicable, but affirmed the citation on the basis of the general duty clause.

## III. DISCUSSION

### A. Standard of Review

The parties disagree over the standard of review applicable to this case. Ordinarily, we review the Commission's factual findings for substantial evidence and affirm its legal conclusions unless they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. *Tierdael Constr. Co. v. Occupational Health & Safety Review Comm'n*, 340 F.3d 1110, 1114 (10th Cir. 2003). The Agency asserts that we should apply that standard here as well.

Safeway argues that because the Commission vacated its order granting review, the ALJ's decision is unreviewed and, therefore, the ALJ's decision is not "precedential or binding on the Commission or Court." Safeway does not make clear what implications that conclusion would have for our review. Safeway does not assert that we should apply de novo review to the ALJ's decision and makes

-4-

no attempt to articulate what, if any, deference would be due the ALJ's factual findings or conclusions of law.

We decline to adopt a new standard of review simply because we are reviewing an ALJ's decision as opposed to the decision of the Commission. The authorities cited by Safeway in support of its argument either note the use of the ordinary standard or state that given a conflict between the Commission and the ALJ, we will review the Commission's decision, not the ALJ's decision, under the ordinary deferential standard of review. *See, e.g., Dep't of Labor v. Occupational Safety & Health Review Comm'n,* 938 F.2d 1116, 1117-18 (10th Cir. 1991)*; CCI, Inc., v. Occupational Safety & Health Review Comm'n*, 688 F.2d 88, 89 (10th Cir. 1982). The former proposition does not support Safeway's assertion and the latter is irrelevant to this case.

While we recognize that in the context of addressing a conflict between the decision of the Commission and unreviewed ALJ decisions, other circuits have referred to unreviewed ALJ decisions as "non-binding,"[2] that says nothing about

---

[2] *See, e.g., Fabi Constr. Co. v. Sec'y of Labor*, 370 F.3d 29, 35 n.7 (D.C. Cir. 2004).

Recently, this court noted that an unreviewed ALJ's decision was not binding on the Commission. *Olson v. Federal Mine Safety & Health Review Commission*, No. 03-9528, slip op. at 14 (10th Cir. August 24, 2004) ("To support her contention that a reasonable fear of retaliation would justify delay in filing a complaint, Complainant cites *Allen v. UNC Mining and Milling*, 5 FMSHRC 30 (1983). That decision is not entitled to deference, however, because the Commission did not review the ALJ's decision, and the decision is therefore not binding precedent under the Commission's rules." (citation omitted)). Like the

-5-

what standard should apply when reviewing an ALJ's decision that has become the final order of the Commission. Instead, the statute provides the appropriate guidance on the issue. Under 29 U.S.C. § 661(j), the ALJ's decision becomes the final order of the Commission, unless a member of the Commission directs review within thirty days from the issuance of the decision. 29 U.S.C. § 660(a) requires that the factual findings of the final order of the Commission be reviewed using the substantial evidence standard. Likewise, the case law instructs this court to affirm the legal conclusions of the Commission unless those conclusions are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. *Tierdael Constr. Co.*, 340 F.3d at 1114. Because the ALJ's order in this case became the final order of the Commission when the Commission vacated its grant of review, the ordinary statutory scheme should apply.

Adopting Safeway's approach would require a plenary review in all cases where the Commission has itself declined review and thus would dispense with the deference usually accorded agency decisions. Doing so would be contrary to the plain language of the statute. Accordingly, we reject Safeway's argument and utilize the standard articulated above.

---

cases from other circuits mentioned above, this holding in *Olson* is unrelated to the issue we confront here. It does not bear on the question of what standard of review should be applied to an ALJ's decision when that decision is the final order of the Commission under review.

**B. Place of Employment**

Safeway argues that the Act and its regulations do not apply in this case because the alleged violation did not constitute a condition "with respect to employment performed in a workplace," as is required by the Act. 29 U.S.C. § 653(a). Safeway argues that the outdoor barbecue was a voluntary employee function and not a condition of employment and, therefore, applying the protections of the Act in this case would impermissibly expand the scope of the Secretary's regulatory jurisdiction. Safeway's argument, however, ignores the factual context of this case. Safeway does not dispute that Lewis was "working" when he was instructed to assure the grill was functioning properly for the barbecue. Lewis was at Safeway's facility for work and was instructed by his superior to attend to the grill. Those facts are sufficient to support the applicability of the Act. *Anthony Crane Rental, Inc. v. Reich*, 70 F.3d 1298, 1303 (D.C. Cir. 1995) (holding that a place where an employee works is a place of employment for the purposes of the act); *Cf. Baroid Div. of NL Indus., Inc., v. Occupational Safety & Health Review Comm'n*, 660 F.2d 439, 445-46 (10th Cir. 1981) (affirming a citation where employee was working at a third party's workplace).

**C. Specific Standards**

Safeway asserts that the Secretary must demonstrate that there are no specific standards applicable to the cited condition before it can issue a citation

under either the general duty clause or 29 C.F.R. § 1910.101(b). According to Safeway, the Secretary would be required to survey the regulations and demonstrate the inapplicability of any regulation that might be relevant to the cited condition. The regulations, however, suggest that the specific standards function as an affirmative defense. *Cf. Bristol Steel & Iron Works, Inc. v. Occupational Safety & Health Review Comm'n*, 601 F.2d 717, 720-22 (4th Cir. 1979) (discussing the relationship of the general duty clause and specific regulations); 29 C.F.R. § 1910.5(f). If an employer demonstrates that a specific standard permits the cited condition and compliance resolves any obvious hazard to employees, there is no general duty clause violation. 29 C.F.R. § 1910.5(f) ("An employer who is in compliance with any standard in this part shall be deemed to be in compliance with the requirements of [the general duty clause], but only to the extent of the condition, practice, means, method, operation, or process covered by the standard.").

In this case, Safeway argues that it complied with 29 C.F.R. § 1910.110.[3]

Where the employer has knowledge of an obvious hazardous condition, however, compliance with specific standards failing to address the hazard does not relieve the employer of the responsibility under the general duty clause to provide its employees with a place of employment which is free from recognized hazards. *UAW v. General Dynamics Land Sys. Div.*, 815 F.2d 1570, 1577 (D.C. Cir. 1987). The general duty clause states:

> Each employer -- (1) shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees; (2) shall comply with occupational safety and health standards promulgated under this chapter.

29 U.S.C. § 654(a). Therefore, the plain language of the statute and its structure indicate that an employer's duty to provide a safe working environment extends

---

[3] 29 C.F.R. § 1910.110 covers the storage and handling of liquified petroleum gases. Safeway asserts that it was in compliance with § 1910.110(c)(4) which concerns containers of gas "installed outside of buildings or structures." The Secretary disputes the applicability of the § 1910.110 arguing that it does not apply to low-pressure systems like the one in use here.

Safeway also argues that § 1910.101 and § 1910.106 are applicable. Safeway asserts that the Secretary admitted the applicability of these sections. While it is true that the Secretary stated these regulations address the handling and storage of propane, that does not indicate an admission that these regulations should apply to the specific condition cited in this case. Safeway does not indicate what specific requirements of these sections would apply to the condition at hand. In addition, it makes no argument to show that it complied with the requirements of these sections. Accordingly, we reject Safeway's argument on this point.

beyond compliance with specific safety and health standards that are included in regulations promulgated under the act. *Id*. at 1575-76; *Bristol Steel & Iron Works*, 601 F.2d at 720-22.

None of the regulations identified by the parties in this case addresses one of the obvious hazards identified by the Secretary and the ALJ: the use of a forty-pound tank with a grill designed for twenty-pound tanks. Thus, Safeway cannot argue that compliance with any of the regulations would have permitted the cited condition and we must examine the ALJ's conclusion that the cited condition was a violation of the general duty clause.

### D. The General Duty Clause Violation

The ALJ concluded that the use of a forty-pound tank with an ordinary grill was a violation of the general duty clause. To show a violation of the general duty clause, the Secretary must prove (1) that the employer failed to render its workplace free of an obvious and recognized hazard, (2) the hazard was causing or likely to cause death or serious physical harm, and (3) there was a feasible method by which the employer could have abated the hazard. *Baroid Division of NL Indus., Inc.*, 660 F.2d at 444.

As the ALJ noted, the forty-pound tank itself included warnings against using such a tank with a grill designed for twenty-pound tanks. In addition, the instructions supplied with the grill indicate that the propane tank should be installed underneath the frame of the grill so that the "bottom ring [of the tank]

-10-

rests in notches in the tank support strap." A Safeway supervisor authorized both the purchase of the tank and the purchase of the grill. Safeway supervisors were aware that the tank was too large to fit underneath the grill. Moreover, Safeway supervisors were aware that the tank could not be attached to the grill without a special adapter. Accordingly, there was substantial evidence to support the ALJ's finding that the use of the forty-pound tank was a recognized hazard and that Safeway was aware of the hazard.[4]

Likewise, there is substantial evidence supporting the ALJ's conclusion that using the forty-pound tank was likely to cause serious injury. The forty-pound tank was difficult to connect to the grill. Because of the size of the tank, it had to be tipped against the frame of the grill to facilitate connection to the grill. In addition, a number of relevant safety standards recognize that failing to properly secure a tank creates a danger. Finally, it is clear that Safeway could have eliminated the hazard of using a forty-pound tank with the grill by simply using a twenty-pound tank. Accordingly, we conclude that the ALJ's decision

---

[4] Safeway asserts that the "use of a portable propane cylinder with an outdoor gas grill for consumer recreational purposes[] is not a recognized hazard within the bread baking industry," and, therefore, there was no recognized hazard in this case. That argument is specious. Safeway cannot ignore the presence of an obviously hazardous condition by asserting that its industry is ignorant of such hazards. *Cf. Tri-State Roofing & Sheet Metal, Inc. v. Occupational Safety & Health Review Comm'n*, 685 F.2d 878, 880-81 (4th Cir. 1982) (holding that the Commission can determine an obvious hazard is recognized without evidence of industry practice).

was not arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with the law.[5]

## IV. Conclusion

For the reasons stated above, we **affirm** the issuance of the citation.

---

[5] Safeway also asserts that the cause of the accident in this case was unforeseeable conduct by an employee, namely Lewis, under the influence of narcotics. Assuming that Safeway has shown sufficient evidence to support this assertion, the cause of the accident in this case is does not bear on whether the citation should be affirmed. *Dye Constr. Co. v. Occupational Safety & Health Review Comm'n*, 698 F.2d 423, 426 (10th Cir. 1983) ("The relevant inquiry is not the proximate cause of this particular accident, but the risk of accident or injury as a result of the alleged violations and the seriousness of the potential injuries."). Unforeseeable employee conduct can be a defense only where the unforeseeable conduct creates the condition leading to the allegation of a violation. *Cf. Capital Elec. Line Builders of Kan., Inc. v. Marshall*, 678 F.2d 128, 129 (10th Cir. 1982); *Austin Bldg. Co. v. Occupation Safety & Health Review Comm'n*, 647 F.2d 1063, 1067-68 (10th Cir. 1981). Safeway has not alleged that unforeseeable conduct caused the use of the forty-pound tank with the grill.